[No. 24.    *En Banc.*    November 19, 1918.]

*In the Matter of the Proceedings for the Disbarment of RICHARD GOWAN.*[1]

ATTORNEY AND CLIENT (7, 7-1)—DISBARMENT—GROUNDS—MISAPPROPRIATIONS. The misappropriation, with intent to defraud, of money collected by an attorney in his professional character, is ground for his disbarment; and it is not a purgation of his offense that he returned the money after being charged with embezzlement.

Proceeding filed in the supreme court February 16, 1918, for the disbarment of an attorney, upon the findings of the state board of law examiners against the accused. Judgment of Disbarment.

*The Attorney General* and *Hance H. Cleland* and *R. M. Burgunder, Assistants,* for the state.

*Richard Gowan, in propria persona.*

[1]Reported in 176 Pac. 7.

MITCHELL, J.—Richard Gowan, properly admitted, has been practicing law in this state for a number of years. He has been charged with violations of his oath and duties as an attorney and counselor at law in the commission of acts involving moral turpitude, dishonesty and corruption. To the complaint an answer containing general denials was interposed, upon which issues a hearing was had before the state board of law examiners, whose findings, with all the evidence in the cause, have been reported for review by this court in accordance with its rules and chapter 115, Laws of 1917, p. 421.

An examination of the proof, in the face of some denials and evasion on the part of Mr. Gowan, fully satisfies us of conduct on his part that is deceitful and unprofessional.

(1) In January, 1917, a claim was placed with him, for collection, by one Sidelsky. Failing to collect, he was, at his own suggestion, authorized to institute suit in the justice of the peace court in April, 1917. He asked and received $3 to cover the cost of filing the suit and for service of process. Suit was not commenced. Shortly, however, and several times, he informed his client that judgment had been obtained. About August, 1917, the debtor, casually learning Sidelsky claimed to hold a judgment against him, told Sidelsky that no papers had been served on him, that there was no judgment against him, and offered to pay the debt, which offer was refused, without the advice of Mr. Gowan, who, on being spoken to, told Sidelsky not to accept unless costs were also paid. The debtor then offered to pay Mr. Gowan, who would not accept pay without costs, claiming that if he, the debtor, was not served with process his wife was, and that there was a judgment against him. Sidelsky ex-

amined and found there was no judgment, upon report
of which Mr. Gowan became abusive to him. Within
a day or two, the debtor paid Sidelsky, and just as
the receipt was passed, Mr. Gowan appeared and
handed the debtor process and complaint in suit, to-
gether with written notice of claim of lien for attor-
ney's fee of $5, whereupon Mr. Gowan was notified by
his client that the debt had just been paid. Mr. Gowan
then abused both his client and the former debtor.
Within a few days Sidelsky personally dismissed the
suit in the justice of the peace court. Mr. Gowan
undertakes to partially excuse his deceit by saying
he thinks he must have left the business of the service
of process and filing of the suit to a stranger who
stopped in his office a few weeks in April, and whose
name he does not well remember and whose where-
abouts are now unknown to him, although he admits
there is no other instance in which he had the stranger
perform such work.

(2) One Mrs. Gunderson employed Mr. Gowan to
collect money due her. He instituted suit, collected
$50, and then obtained judgment for the balance,
$78.04. He received the amount of, and satisfied, the
judgment in full, as attorney of record. Of the $50
collected before judgment he retained $25 on his at-
torney fee, and paid the rest to his client. After col-
lecting and satisfying the judgment, he first denied
having received the money. Later, he admitted to
his client he had received and used it and was then
trying to mortgage personal property to raise money
to pay her. Repeated fruitless efforts to collect in-
duced her to report the matter to the office of the
prosecuting attorney. To a deputy in such office Mr.
Gowan admitted he had used the money. His promise
to pay his client being unkept, the prosecuting attor-

ney's office, after a few days, filed a complaint and had Mr. Gowan arrested on a charge of embezzlement. On the next day, retaining another $25 on his attorney's fee and $4 clerk's fee for filing the Gunderson suit, he sent the remainder of $78.04, viz., $49, to Mrs. Gunderson by post office money order.

The attempt of Mr. Gowan to palliate this unprofessional conduct and the wrong to his client is so flimsy and labored we decline. to discuss it. We are quite satisfied it is a case of the misappropriation of a client's money with intent to defraud. The misappropriation or misapplication of money or property received by an attorney in his professional character is one of the most frequent grounds of disbarment. Although we have a statute on the subject, none is needed to authorize, nor will the courts hesitate to declare, disbarment in such case as this. The chief consideration is not of a client who has already been offended, but, rather, that the exhibition of that wrong discovers the character of the attorney and his unfitness to be trusted; and, while the payment of the money fraudulently used releases the attorney from civil liability, it is not a purgation of his offense, nor does it prove that he has become a fit person to remain on the rolls.

The order will be, therefore, that the attorney be disbarred and his license to practice law in this state annulled.

ALL CONCUR.