[No. C. D. 712.  *En Banc.*  January 5, 1927.]

*In the Matter of the Application of .*RICHARD GOWAN.[1]

[1] ATTORNEY AND CLIENT (9-1)—DISBARMENT—DENIAL OF REIN-
    STATEMENT—APPEAL.  A disbarred attorney is properly denied
    reinstatement where it is shown that, after disbarment, he
    maintained his name as a "lawyer" on his office door, appeared
    and argued motions in two cases, prepared legal papers in a
    divorce case, held himself out as representing a client, and
    permitted his name to appear as an attorney in the city di-
    rectory.

Proceeding filed in the superior court June 29,
1926, for the reinstatement of an attorney, after judg-
ment of disbarment.  Denied.

*Jay C. Allen,* for petitioner.

*The Attorney General* and *L. B. Donley,* for the
state.

ASKREN, J.—The petitioner herein was disbarred
early in 1919, by an order of this court for unpro-
fessional conduct.  *In re Gowan,* 104 Wash. 166, 176
Pac. 7.

In December, 1922, he filed an application to be re-
instated as an attorney at law.  The petition was re-
ferred to the board of law examiners.  The board,
after investigation, reported against such reinstate-
ment.  Upon application of petitioner, the court ordered
the board to make its report and recommendations
more specific and definite.  Such order was granted in
March, 1923.  Pursuant thereto, a hearing was had
and testimony taken, petitioner being present and
represented by his attorney.  Concluding its labors,
the board made its report in January, 1924.  The re-
port was against the petitioner's reinstatement and

¹Reported in 251 Pac. 773.

was based upon the following acts of the petitioner which the board thought were deducible from the evidence introduced:

(1)   Selling upon execution without notice to the owner thereof property valued at from one thousand dollars to one thousand five hundred dollars under a judgment amounting to seven dollars;

(2)   Maintaining the words "Richard Gowan, Lawyer" on his office door after disbarment;

(3)   Appearing in court as an attorney, and arguing a demurrer in one case, and a demurrer and motion in another case, after disbarment;

(4)   Preparing all the legal papers in a divorce case after disbarment;

(5)   Making an unfounded claim to certain streets and public ways in a certain portion of King county, making it necessary for the owners of land adjoining to secure an injunction;

(6)   Publishing summons in a newspaper in a certain action, and in that action holding himself out as representing a client and giving a check in part payment for the publication, which check was dishonored;

(7)   Permitting his name to appear as an attorney at law in the city directory after disbarment.

The board, at the time of its report, also attached thereto further complaints made to it after the hearing, but since petitioner was not heard upon any of them they will not be considered here. The petitioner has been content not to present this matter before us until December 17, 1926.

[1]   Many questions are raised as to the findings of the board of law examiners. We need not go into the objections raised as to the sufficiency of the evidence as to each and all of the findings. It will be sufficient

to say that we have explored with care the voluminous record of testimony taken, together with the mass of exhibits offered in evidence, and, from a painstaking and careful review of the record, we are of the opinion that the acts specified by the board and found by it to have been done by petitioner since the order of disbarment by this court are all sustained. The quantity of proof in each of the matters is of course different. But as to the most serious charges the amount of proof is great. It is plain, therefore, that under the record in the case we should not reinstate petitioner.

It is urged that the board should have permitted testimony offered by petitioner seeking to show that the original charges upon which the disbarment was entered by this court, were, in many respects, unfounded and involved no moral turpitude.

The board declined to enter into this phase of the case, deeming itself bound by the previous order of disbarment, and held that its duty was to examine only into the question of whether the conduct of petitioner had been such since the date of disbarment as to justify his reinstatement. Whether the board should have gone into the questions, it is unnecessary for us to decide, for, even if it were true that the original order of disbarment was based upon testimony which was untrue, still, as long as the order stood, it was the duty of petitioner as an officer of the court to obey the order and not seek to violate it. This is conceded by petitioner, whose argument is that the evidence did not show such violations.

It is also urged that, in view of the testimony offered by many reputable members of the bar and citizens of King county, the order of disbarment should be set aside. The testimony, however, of these witnesses, while commendable for the forgiving spirit therein

shown, was not based upon sufficient facts to justify any conclusion that there should be a reinstatement. The petition for reinstatement is denied.

TOLMAN, C. J., HOLCOMB, FULLERTON, MAIN, MITCHELL, BRIDGES, and MACKINTOSH, JJ., concur.