[No. C. D. 2585. *En Banc.* April 12, 1940.]

*In the Matter of the Proceedings for the Disbarment of* C. J. SMITH.[1]

[1]Reported in 101 P. (2d) 311.

*S. M. Brackett*, for the board of governors.

*H. A. Martin* and *C. J. Smith*, for respondent.

SIMPSON, J.—This is a proceeding for the disbarment of C. J. Smith, an attorney authorized to practice law before the courts of this state. He has been charged with unprofessional conduct.

The record of the hearings before the trial committee and board of governors of the state bar association, together with the findings of fact and recommendations, have been transmitted to this court.

It appears from the record that, on or about November 26, 1927, respondent prepared, and his client, Augusta Josephine Christensen, executed, a will, by the terms of which there was bequeathed to Stanley Russell Ericksen and Maryon Ericksen the sum of five hundred dollars each, to be held by the respondent in trust for them during their minority; that the estate of Mrs. Christensen was probated by the superior court of King county, and the sum of one thousand dollars distributed to respondent, as trustee for the minors; that, upon receiving the money respondent loaned it to his wife, the loan being secured by a mortgage upon improved property owned by her. Thereafter, the mortgage was released, and a new one was given to respondent upon unimproved property encumbered by taxes and street assessments.

When Stanley Ericksen became of age and demanded payment of the five hundred dollars due him, respondent was able to pay only two hundred dollars. Later, after complaint had been made to the bar association, respondent paid the balance of three hundred dollars. These sums were taken by respondent from funds belonging to another client, though later repaid to that client.

The mortgages given to respondent by his wife pro-

vided for the payment of interest. Respondent contends, however, that he was not compelled to account for interest, and that he could use the trust funds as he desired. Respondent has not resigned his trust, but has deposited the five hundred dollars belonging to Maryon Ericksen, still a minor, in a savings bank, withdrawable upon the joint signature of himself and Amy Ericksen, mother of the minor.

Respondent has admitted all of the facts to which we have just referred. He defends his actions by stating that he had an oral agreement with Mrs. Christensen that he could do as he desired with the trust funds and was only responsible for payment at the time the minors became of age.

The board of governors found respondent guilty of unprofessional conduct and recommends his disbarment for the period of one year.

█ The rule relative to the conduct to be observed by an attorney concerning the property of a client which comes into his possession is stated in the canons of professional ethics of the American Bar Association as follows:

"The lawyer should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence reposed in him by his client.

"Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him." 62 Am. Bar Ass'n Reports 1109 (1937).

The attorney who uses funds of a client for his own benefit is not excused if he is able to repay them before disbarment proceedings against him are concluded. The following statement is contained in *In re Gowan*, 104 Wash. 166, 176 Pac. 7:

"The misappropriation or misapplication of money or property received by an attorney in his professional character is one of the most frequent grounds of disbarment. Although we have a statute on the subject, none is needed to authorize, nor will the courts hesitate to declare, disbarment in such case as this. The chief consideration is not of a client who has already been offended, but, rather, that the exhibition of that wrong discovers the character of the attorney and his unfitness to be trusted; and, while the payment of the money fraudulently used releases the attorney from civil liability, it is not a purgation of his offense, nor does it prove that he has become a fit person to remain on the rolls."

Respondent appropriated to his own use trust funds which had been entrusted to him, and refused to account for accrued interest.

The actions of respondent evidence a lack of personal honesty which renders him unworthy of performing his duties as an attorney at law. We feel, however, that a judgment of suspension will serve to bring him to a realization of his error and instill a determination to obey the dictates of honesty and fair dealing demanded of him as an attorney.

It is therefore the order of the court that C. J. SMITH be suspended from the practice of law for a period of one year. Time will begin to run thirty days after the filing of this opinion.

BEALS, GERAGHTY, ROBINSON, and JEFFERS, JJ., concur.

STEINERT, J. (dissenting)—While respondent's conduct with reference to the money entrusted to him was improper and is to be condemned, I think that there are extenuating circumstances, shown by the record, which relieve him of the charge stated in the majority opinion of "a lack of personal honesty which renders

him unworthy of performing his duties as an attorney at law."

Moreover, I feel that if, as expressed in the majority opinion,

"A judgment of suspension will serve to bring him to a realization of his error and instill a determination to obey the dictates of honesty and fair dealing demanded of him as an attorney,"

a reprimand by this court and the fact that his misconduct has been made a matter of public record will accomplish the same purpose. Respondent is now seventy-eight years of age, and, so far as the record discloses, no complaint involving his honesty or integrity has ever before been made against him. In the very nature of things, he cannot, at best, engage in active practice very long. If he is to be allowed to return to his profession after the expiration of a year's suspension, as the majority holds, I feel that no harm will flow, but rather that some good may result, from an order now permitting him to continue in the practice upon the conditions that I have suggested above, and upon the further condition that he immediately take steps to have the funds now on deposit in a joint savings account paid into the registry of the court.

BLAKE, C. J., MAIN, and MILLARD, JJ., concur with STEINERT, J.