[No. C. D. 2281. *En Banc.* September 23, 1944.]

*In the Matter of the Discipline or Disbarment of* GRANT L. PARRISH, *an Attorney at Law.*[1]

*S. H. Kelleran,* for the board of governors.

*Warren Hardy,* for respondent.

BLAKE, J.—This matter comes up on a recommendation of the board of governors of Washington state bar association that the above-named Grant L. Parrish "be suspended from the practice of the law for a period of four months." The recommendation is based upon findings of a trial committee, made after hearing upon a complaint charging Parrish with professional misconduct in several particulars; and is invoked upon violations of Rule XI, subdivisions 3, 10, and 11, of the Rules for Discipline of Attorneys. See 193 Wash. 92-a.

 In resisting the recommendation of the board of governors, counsel for Parrish says in his brief: "There is no dispute relative to the facts in this case. The sole question is whether or not the facts found justify the penalty imposed, or a reprimand." The trial committee found that "respondent has been guilty of carelessness, negligence and unprofessional and unethical conduct."

[1] Reported in 151 P. (2d) 988.

These findings rest upon evidence of gross mishandling of the funds of clients in four instances, and a threat, contained in a letter demanding settlement of a claim, which was not germane to the subject matter. In two of the instances, clients had entrusted him with money to be applied for specified purposes. In both cases, respondent was guilty of unwarranted delay in transmitting the moneys to the persons for whom they were intended. In one case, there was a delay of two years; in the other, six months. In neither instance did he fully account until pressure was brought to bear upon him. In two other instances, he made collections for clients which he withheld for an unreasonable length of time, and then accounted for only after being subjected to pressure.

The letter in which the threat was contained was addressed to the superintendent of a lumber company at Pysht, Washington. After setting out his client's position and demand for settlement, respondent concluded:

"Furthermore I am advised that you as postmaster at Pysht are using the United States Post Office, and postal clerks, for the purpose of sending your letters to Mr. Melville, as well as other letters on behalf of the Merrill & Ring Lumber Company, without placing U. S. postage stamps thereon. Do you wish this reported to the U. S. Postal authorities? Please advise."

Respondent's position seems to be that his conduct in these instances did not amount to violation of his duty as an attorney in contemplation of Rule XI, subdivision 3, of the Rules for Discipline of Attorneys; nor to gross incompetency in contemplation of subdivision 10; nor to unethical conduct in contemplation of subdivision 11. At any rate, he contends, his conduct was not of such a character as to warrant more than a reprimand.

We think, however, that, in finding respondent guilty only of "carelessness and negligence" in handling his clients' funds, the trial committee took a most charitable view of his conduct. That the implied threat contained in respondent's letter to the superintendent of the lumber company constituted unethical conduct, goes without saying.

As we view the facts, we think a reprimand would be wholly inadequate as a disciplinary measure. The recommendation of the board of governors is therefore approved and adopted by the court; and an order is entered accordingly.

ALL CONCUR.