[No. C. D. 3682.   En Banc.   October 21, 1965.]

*In the Matter of the Disciplinary Proceedings Against*
WILLIAM L. HUTCHINS, *an Attorney at Law.**

*T. M. Royce,* for Board of Governors.

*Helsell, Paul, Fetterman, Todd & Hokanson,* by *William A. Helsell,* for respondent.

HAMILTON, J.—William L. Hutchins was admitted to the practice of law in the state of Washington on October 16, 1950, and has since pursued his profession in King County, Washington.

On August 23, 1963, a formal complaint was filed before the Board of Governors of the Washington State Bar Association charging him with violations of Canons of Professional Ethics 11, 21, and 29, and Rule for Discipline of Attorneys 2G, RCW vol. 0. Mr. Hutchins filed an answer to the complaint and a hearing was thereafter held before a duly

*Reported in 406 P.2d 777.

appointed hearing panel. The panel made findings of fact and conclusions of law to the effect that he had violated the designated Canons of Professional Ethics and recommended to the Board of Governors that he be suspended from the practice of law for a period of 60 days. The panel made no significant finding, conclusion or recommendation as to the alleged violation of the Rules for Discipline of Attorneys. Mr. Hutchins answered the findings, conclusions and recommendation of the panel. The Board of Governors thereafter reviewed the proceedings, adopted the findings of the panel, and concurred in the recommendation that a 60-day suspension be imposed. Mr. Hutchins filed objections to the action of the Board of Governors and the matter is before this court for review.

The evidence adduced at the hearing reveals that Mr. Hutchins received certain funds from and on behalf of two clients. Some of the funds he was to hold in trust until otherwise directed by one client, and some he was to disburse on behalf of the other client pursuant to court order. The evidence further establishes that Mr. Hutchins commingled the trust funds with private funds, diverted them to uses other than intended, and was dilatory in properly accounting for them. The evidence sustains the findings of the Board of Governors and demonstrates a violation of Canons of Professional Ethics 11 and 29.

Canon of Professional Ethics 11 provides:

> The lawyer should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence reposed in him by his client.

> Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him.

The last sentence of Canon of Professional Ethics 29, provides:

> He [the lawyer] should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice.

■ The purpose and objectives of these canons are clear. Strict adherence thereto by all attorneys is essential to maintain and sustain the integrity, honor and public trust of the legal profession. Violations cannot be tolerated. Embezzlement, conversion, refusal or inability to properly disburse or account for funds entrusted to the care of an attorney begets disbarment. *In re Carroll,* 54 Wn.2d 633, 343 P.2d 1023 (1959). Neglect, delay or procrastination in managing such funds warrant disciplinary action ranging from suspension to disbarment. *In re Ward,* 106 Wash. 147, 179 Pac. 76 (1919); *In re Penland,* 152 Wash. 427, 277 Pac. 1119 (1929); *In re Sampley,* 160 Wash. 92, 294 Pac. 1118 (1930); *In re Hutchinson,* 178 Wash. 112, 33 P.2d 1119 (1934); *In re Smith,* 3 Wn.2d 455, 101 P.2d 311 (1940); *In re Parrish,* 21 Wn.2d 545, 151 P.2d 988 (1944); *In re Park,* 45 Wn.2d 383, 274 P.2d 1006 (1954).

The evidence produced before the hearing panel further demonstrates that Mr. Hutchins was dilatory in performing his obligations to a client and to the superior court with respect to attendance at a trial. It sustains the hearing panel's findings and establishes a clear violation of Canon of Professional Ethics 21, which provides:

It is the duty of the lawyer not only to his client, but also to the courts and to the public to be punctual in attendance, and to be concise and direct in the trial and disposition of causes.

Again, the purpose and intent of this Canon are clear, and violations thereof warrant appropriate disciplinary action.

■ Mr. Hutchins does not deny the mishandling of his clients' funds or his tardiness in connection with the trial in question. Instead, he seeks to explain and qualify his derelictions upon the basis that he was under extreme emotional stress arising out of domestic problems. He further points out, and the hearing panel so found, that he at all times was financially able to perform his obligations with respect to the trust funds. Such circumstances do not, however, necessarily alleviate the disrespect cast upon other members of the bar as a result of his behavior.

Though we are inclined to feel that Mr. Hutchins' conduct warrants a greater suspension than that imposed by the hearing panel and the Board of Governors, we are satisfied that both bodies gave the measure of discipline careful consideration and reached their respective conclusions upon the basis of matters which cannot be gleaned from a written record. We therefore approve the recommendation of the Board of Governors.

Mr. Hutchins is accordingly suspended from the practice of law for a period of 60 days, commencing 5 days after the filing of this opinion.

All concur.