[No. C.D. 3697. En Banc. October 28, 1965.]

*In the Matter of the Disciplinary Proceedings Against* ARTHUR S. W. CHANTRY, *an Attorney at Law.*\*

*T. M. Royce*, for Board of Governors.

\*Reported in 407 P.2d 160.

WEAVER, J.—The Board of Governors of the Washington State Bar Association, having reviewed the evidence and the findings of fact and conclusions of its hearing panel, recommends to this court that Arthur S. W. Chantry be disbarred from the practice of law in this jurisdiction for violation of Canons of Professional Ethics 11 and 29, and Rule for Discipline of Attorneys 1A (as adopted November 2, 1960),[1] RCW vol. 0.

February 26, 1951, Arthur S. W. Chantry was admitted to the practice of law in the State of Washington. September 19, 1964, respondent acknowledged in writing due service of the Association's formal complaint against him. Subsequently, he acknowledged in writing receipt of Notice of Hearing Panel Members, Notice of Hearing, and of a subpoena duces, tecum. Although the record discloses that the Association gave respondent notice of every procedural step, he filed no pleading of any kind and made no appearance, personally or by counsel at any stage of this proceeding.

The ultimate facts disclosed by the evidence are these:

While respondent was acting as the attorney for an estate, the administratrix endorsed and delivered to him a check for $593.68 payable to her as beneficiary of an insurance policy on the life of decedent. Respondent was to pay funeral expenses and other claims against the estate. He did not do so. He has neglected and refused to return the money to the administratrix and has appropriated it to his own use.

In the same estate, respondent secured an order of court authorizing him, not the administratrix, to sell an automobile for not less than $650. He sold the car; retained the money; and has appropriated it to his own use.

In September, 1962, respondent was employed by the heirs of a decedent to handle and close the estate, including payment or securing waivers of inheritance taxes from the states of Washington and California. Wills and a community

---

[1]Effective July 16, 1965, the Supreme Court abrogated existing Rules for Discipline of Attorneys, except for pending matters, and adopted new rules appearing in 66 Wn.2d, page xvii.

property agreement were delivered to him. Respondent did a minimum of work on the estate. His procrastination, neglect, and apparent abandonment made it necessary for the heirs to employ other counsel who did not succeed in securing the documents delivered to respondent until May, 1964.

For some time, respondent maintained a law office with other lawyers in the Dexter Horton Building in Seattle. He commenced absenting himself from the office. Finally, it was learned that he had an office in the National Guard Armory. Later he secured a post office box at the Bitter Lake Station. Without detailing the facts, the record supports the finding that he has not communicated with his former associates, could not be reached by telephone, did not respond to messages mailed him, and neglected the affairs and business which he had undertaken as an attorney at law on behalf of clients.

Canon of Professional Ethics 11 provides in part:

Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him.

Canon of Professional Ethics 29 provides in part:
He [the lawyer] should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice.

Rule for Discipline of Attorneys 1 (as adopted November 2, 1960) provides in part:

An attorney at law may be censured, reprimanded, suspended, or disbarred for any of the following causes, hereinafter sometimes referred to as violations of the rules of professional conduct:

A. The commission of any act involving moral turpitude, dishonesty, or corruption, whether the same be committed in the course of his relations as an attorney, or otherwise, and whether the same constitutes a felony or misdemeanor or not; and if the act constitutes a felony or misdemeanor, conviction thereof in a criminal pro-

ceeding shall not be a condition precedent to disciplinary action.

■ The Canons of Professional Ethics and the Rules for Discipline of Attorneys, having been adopted and promulgated by this court as the rules which govern professional conduct of those practicing law in this jurisdiction, are of dignity and status .equal to any other rule this court has adopted. *Ryan v. Ryan*, 48 Wn.2d 593, 295 P.2d 1111 (1956). ·Recently, the court said:

> . The purpose and objectives of these Canons are clear. Strict adherence thereto by all attorneys is essential to maintain and sustain the integrity, honor and public trust of the legal profession. Violations cannot be tolerated. Embezzlement, conversion, refusal or inability to properly disburse or account for funds entrusted to the care of an attorney-begets disbarment.· *In re Carroll*, 54 .Wn.2d 633, 343 P.2d 1023 (1959). Neglect, delay or procrastination in managing such funds warrant disciplinary action ranging from· suspension to disbarment. [Citing authorities.] *In re Hutchins, ante* p. 144, 406 P.2d 777 (1965).

■ Respondent has violated the Canons and rule quoted *supra*. We adopt the recommendation of the Board of Governors.

It is ordered that Arthur S. W. Chantry be, and he hereby is, disbarred from the practice of law in the State of Washington, and his name is hereby stricken from the roll of lawyers entitled to practice law in this jurisdiction.· ··

ALL CONCUR.