[No. C.D. 4380. En Banc. March 21, 1968.]

*In the Matter of the Disciplinary Proceedings Against*
Jerald C. Hall, *an Attorney at Law.**

*Robert O. Wells, Jr.,* for Board of Governors.

Hunter, J.—The Board of Governors of the Washington State Bar Association, having reviewed and adopted the findings, conclusions and recommendations of its hearing panel, recommends to this court that Jerald C. Hall, respondent, be permanently disbarred from the practice of law in this state. The Board of Governors concluded from its review of the evidence that Hall had violated the Canons of Professional Ethics 6, 11 and 21, and Discipline Rules for Attorneys III A, C and J, as promulgated by this court, and has recommended that he be permanently disbarred.

Jerald C. Hall was admitted to the practice of law in Washington in 1954. The present proceeding was commenced by the filing of a formal complaint against him on September 14, 1966. The hearing panel held sessions on March 20 and April 3, 1967, for the purpose of receiving evidence on the issues raised by the complaint. The respondent was represented at the hearing by counsel and also appeared personally.

The first item of the complaint alleged that the respondent, in his capacity as attorney for Edmonds School

*Reported in 438 P.2d 874.

District No. 15, failed to reveal a conflict of interest, and also failed to account for trust funds delivered to him. The evidence produced at the hearing shows that, in early May, 1964, the school district authorized the respondent to negotiate the acquisition of a plot of land known as the Morrison site. The school board authorized an appraisal of the property. The appraisal report, reciting a value of $102,375, was delivered to respondent, who failed to communicate this information to members of the school board. On May 29, 1964, Wilcox Construction Company, as buyer, allegedly entered into an earnest money receipt and agreement concerning the Morrison site with J. W. Morrison, as seller. The broker for the transaction, which involved a purported sale price of $112,500, was Active Realty, Inc. The principal stockholders of Wilcox Construction Company and Active Realty were the same two individuals, Howard A. Olds and A. E. Wilcox. The respondent was and had been the attorney for Wilcox Construction Company and Active Realty, as well as for Olds and Wilcox. The school board was not advised of the respondent's relationship to these corporations and individuals. The board delivered its warrant for $112,860 ($360 representing attorney's fee) to the respondent in July, 1964 to be used for the purchase of the Morrison site. The respondent failed to account for $1,863.45 of this amount, over and above the sum due him for attorney's fee.

As to this item, the Board of Governors concluded that the evidence demonstrated that the respondent committed acts and omissions involving moral turpitude, dishonesty and corruption constituting violation of DRA III A. It further concluded that the respondent had violated his oath and duties as an attorney, contrary to DRA III C, and that he had also violated DRA III J, in that his actions were contrary to the Canons of Professional Ethics (CPE 6 and CPE 11), specifically relating to conflicts of interest and the handling of trust property. We agree with these conclusions.

The second item of the complaint alleged that the respondent commingled funds entrusted to him and funds of

his own, and used portions of funds entrusted to him for his own personal purposes. The evidence shows that the respondent had drawn the amounts of $32,000 and $14,900 from the funds of the school district in the hands of the registry of the Superior Court for Snohomish County, without the knowledge of the school board. The record shows that after the district learned that the funds were missing, the respondent was asked to make repayment.

On October 19, 1964, the respondent issued the district his checks for $14,900 and $28,597, and the latter check was dishonored. On November 4, 1964, the respondent issued a second check for $28,597, which was honored, but in order to cover that amount, the respondent used trust monies in his charge. In consequence, the respondent's checks issued in payment of the state inheritance tax on an estate were, on two occasions, dishonored. Further, the respondent obtained $6,000 used in covering the $28,597 check issued to the school district from a client, Georgia R. Moore, after falsely representing to her that he would invest the money on her behalf. The respondent made no accounting to Mrs. Moore for this sum.

The Board of Governors concluded that these actions of the respondent were in violation of DRA III A, C and J, and CPE 11, *supra*. We agree.

The third item of the complaint alleged that the respondent failed to record certain deeds given to the school district and failed to account for school district funds entrusted to him in that connection. From the record it appears that the district purchased parcels of real estate during 1964 and that the respondent, in his capacity as attorney for the district, was responsible for recording the deeds resulting from these purchases. The respondent held the deeds and failed to record them. Moreover, the district issued the respondent, from its funds, amounts sufficient to pay the recording fees, documentary stamp fees, title insurance premiums, and certain water assessments in connection with these purchases. The respondent did not apply this money as intended by the district and made no ac-

counting for the sums at any time, although he eventually did reimburse the district.

The Board of Governors concluded that this conduct of the respondent amounted to violations of CPE 21, relating to punctuality and expedition in the handling of a client's affairs, and CPE 11, *supra*. We fully agree.

The Board of Governors has recommended that the respondent be permanently disbarred. We adopt this recommendation which is unquestionably warranted in view of the record in this case.

The record contains a statement of costs and expenses incurred by the Washington State Bar Association in this disciplinary proceeding, totaling $840.83, showing timely service thereof upon the respondent. We are satisfied that the amount for the items charged is reasonable and proper, and such sum is hereby assessed against the respondent pursuant to DRA XII A6.

It is ordered that Jerald C. Hall be, and he hereby is, disbarred from the practice of law in the state of Washington. His name is hereby stricken from the roll of attorneys entitled to practice in this jurisdiction.

ALL CONCUR.