[No. C.D. 3285.   En Banc.   April 18, 1968.]

*In the Matter of the Disciplinary Proceeding Against*
PAUL M. ANDERSON, *an Attorney at Law.**

*T. M. Royce*, for Board of Governors,

*Anthony Savage, Jr.* (of *Kempton, Savage & Gossard*), for respondent.

WEAVER, J.—March 16, 1949, Paul M. Anderson was admitted to the practice of law in this jurisdiction.

Having pleaded guilty to an information charging him with grand larceny, he was, on September 6, 1966 sentenced to a maximum term of not more than 15 years in a state penal institution.

September 13, 1966, Mr. Anderson was, upon petition of the Board of Governors of the Washington State Bar Association, suspended from the practice of law by the Chief Justice of this court pursuant to Discipline Rules for Attorneys I A, RCW vol. 0.

September 14, 1966, the Board of Governors filed a formal complaint against Mr. Anderson for unprofessional conduct. January 27, 1967, an amended complaint was filed. It contained six charges: (1) that Mr. Anderson had been convicted and sentenced for grand larceny; (2) that he had misappropriated $12,177.45 from an estate of which he had been the executor; (3) that he had failed to pay a $75 judgment from $100 his client had given him; (4) that he had received $1,907.75 on behalf of a client, paid $700 for

*Reported in 439 P.2d 981.

her benefit and misappropriated the remainder; (5) that he had not disbursed funds received from a judgment in favor of a client according to instructions and had left unpaid medical bills involved in the lawsuit; and (6) that he had not efficiently conducted a certain lawsuit.

March 24, 1967, a hearing was held by a local administrative committee upon the six charges. Charge 6 was dismissed upon motion of counsel for the Washington State Bar Association.

After a trial attended by Mr. Anderson and his counsel, the administrative committee recommended that Mr. Anderson be disbarred from the practice of law by reason of charges 1, 2 and 4; that he be reprimanded by reason of charge 3; and that he be suspended for 90 days by reason of charge 5.

The Board of Governors approved the conclusions of the administrative committee.

It would add nothing to the decisional law of this jurisdiction to detail the evidence. It is sufficient to say that the record amply supports the findings of the committee and the board. In addition, they are supported by a stipulation as to the facts signed by Mr. Anderson.

■ The facts found justify the discipline recommended by the board. Mr. Anderson's conduct was in violation of Canon of Professional Ethics 11, and Discipline Rules for Attorneys III A and III C, RCW vol. 0.

■ The crime of grand larceny is a felony involving moral turpitude. *In re Dalton,* 60 Wn.2d 726, 375 P.2d 258 (1952). The facts supporting charges 1, 2 and 4 require disbarment. *In re Chantry,* 67 Wn.2d 190, 407 P.2d 160 (1965).

Pursuant to Discipline Rule for Attorneys XII A, 1 - 6, RCW vol. 0, the Board of Governors has filed its statement of costs and expenses incurred by it in prosecuting this disciplinary proceeding before the administrative committee. We note the proof of service of the statement upon Mr. Anderson and the absence of objections thereto by him. The statement totals $565.15. The costs and expenses in-

curred appear reasonable and proper under Discipline Rules for Attorneys XII and are allowed.

It is ordered that Paul M. Anderson be, and he hereby is, disbarred from the practice of law in the state of Washington and that his name be stricken from the roll of lawyers entitled to practice law in this jurisdiction.

ALL CONCUR.