[No. C.D. 4828.    En Banc.    July 9, 1970.]

*In the Matter of the Disciplinary Proceeding Against* JAMES SODERQUIST, *an Attorney at Law.*\*

*Jack P. Scholfield,* for Board of Governors.

STAFFORD, J.—James A. Soderquist was admitted to the practice of law in the state of Washington on March 6, 1958. On January 10, 1969 he was reprimanded by the Board of Governors of the Washington State Bar Association for withholding funds of a client. The reprimand apparently was ineffective inasmuch as his conduct continued in the same vein. Consequently, a formal complaint was filed with the Board of Governors in accordance with the Rules for Discipline of Attorneys.

The amended complaint alleged four types of proscribed conduct: First, it asserted that Mr. Soderquist appropriated to his own use $4,208.32 in estate funds while acting as an executor. Second, it charged that at a hearing for revocation of his letters Mr. Soderquist perjured himself by testifying that the funds were at all times in his trust account. Third, it claimed that while acting as an administrator he appropriated to his own use $911.30 from one estate and approximately $800 from another. Finally, it charged that he converted $5,000 to his own use while acting as a trustee.

Mr. Soderquist appeared before the trial panel of the bar association without counsel. At that time he signed a stipulation admitting the foregoing allegations, testified that he understood the full import of the proceedings and stated he recognized that it would probably result in his disbarment.

\*Reported in 472 P.2d 395.

Mr. Soderquist also indicated that he did not intend to oppose the proceedings. As a result, he neither filed a brief in this court nor appeared for oral argument.

The Board of Governors has recommended permanent disbarment based on Rule III-A, C and J of Rules for Discipline of Attorneys (now DRA 1.1(a), (c) and (j)) and violations of Canons 11, 22 and 32 of the Canons of Professional Ethics.

We stated in *In re Hutchins*, 67 Wn.2d 144, 406 P.2d 777 (1965):

> The purpose and objectives of these canons are clear. Strict adherence thereto by all attorneys is essential to maintain and sustain the integrity, honor and public trust of the legal profession. Violations cannot be tolerated. Embezzlement, conversion, refusal or inability to properly disburse or account for funds entrusted to the care of an attorney begets disbarment.

We have held repeatedly that disbarment is a proper disposition where a violation of Canon 11 has been established. *In re Chantry*, 67 Wn.2d 190, 407 P.2d 160 (1965); *In re Ward*, 54 Wn.2d 593, 343 P.2d 872 (1959). *Also see In re Pennington*, 73 Wn.2d 601, 440 P.2d 175 (1968) at note 1.

In the case at hand we are confronted with several admitted flagrant violations of Canon 11 as well as admitted perjury. These violations warrant the strongest disciplinary action possible. The recommendation of the Board of Governors for permanent disbarment is well justified.

Accordingly, Mr. Soderquist is permanently disbarred from the practice of law in the state of Washington. His name is hereby stricken from the roll of lawyers entitled to practice law within this jurisdiction. The statement of costs and expenses claimed by the Washington State Bar Association in the amount of $235.54 pursuant to DRA 7.1 *et seq.* is confirmed.

HUNTER, C. J., FINLEY, ROSELLINI, HAMILTON, HALE, NEILL, and SHARP, JJ., and HILL, J. Pro Tem., concur.