[No. C.D. 5246.    En Banc.    July 27, 1972.]

In the Matter of the Disciplinary Proceeding Against
JERALD R. JOHNSON, *an Attorney at Law.*

Robert O. Wells, Jr., for Board of Governors.

PER CURIAM.—Jerald R. Johnson was admitted to the practice of law in this state in September, 1961. Thereafter, he resided and practiced law in King County.

In December, 1971, disciplinary proceedings against Mr. Johnson were commenced by personal service of a copy of the formal complaint and notices. He has failed to answer or appear herein in any manner. The local administrative committee investigating the complaint made numerous attempts to communicate with Mr. Johnson, but he has not responded. He was not present or represented at the panel hearing on the complaint, of which he had notice. Subsequently, he was served both by mail and personally with copies of the transcript of the hearing, and of the hearing panel's findings, conclusions and recommendations, and with notice that the matter had been filed with this court and of the date on which the matter would be heard. No respondent's brief has been filed, and Mr. Johnson has not been present or represented by counsel before this court.

The principal item of complaint against Mr. Johnson pertains to $6,000 held by him in trust for a client. The complaint asserts and the hearing panel found that on October 31, 1969, $6,000 was paid over to Mr. Johnson at his suggestion and in reliance on his assurances that the money would be deposited in registry of court. The reason given by Mr. Johnson to induce the payment by the client was

that such payment would facilitate collection of the client's judgment against a third party. Mr. Johnson assured his client that the money would be returned with interest. Subsequently, Mr. Johnson told the client that the judgment had been settled and he would receive his money within 10 days. No payments were made to the client and the client's numerous attempts to communicate with Mr. Johnson have been to no avail.

The hearing panel also found that the money was not paid into the registry of the court. Rather, $5,650 was deposited in a savings and loan account on which Mr. Johnson was designated as trustee. The remaining $350 was retained by Mr. Johnson. There were no further deposits to that account. Mr. Johnson made 23 withdrawals from this trust account between November 18, 1969, and June 22, 1970, reducing that account to $18.56. Each such withdrawal was by the savings and loan association's check drawn to the order of a Seattle bank. The client had no account at that other bank; nor did the client have other business with Mr. Johnson for which those withdrawals could have been used.

Mr. Johnson did obtain a judgment for the client on his debt claim in the amount of $1,231.04, plus interest. At Mr. Johnson's request the client signed a blank satisfaction of judgment. Court records contain no indication that any part of the judgment on the client's claim has been satisfied, or that any attempt has been made by Mr. Johnson to execute or collect on the judgment. Mr. Johnson has provided his client with no explanation for these actions, and has failed to account for the $6,000.

The hearing panel entered findings and conclusions, and recommended that Mr. Johnson be disbarred. The Board of Governors, upon review and consideration, approved and adopted the findings, conclusions and recommendations of disbarment.

■ We adopt the recommendation of the Board of Governors. The record supports the findings of the hearing panel. There has been no accounting to the client although

48

repeated demands were made. Neither has Mr. Johnson responded in any manner in these proceedings. Such conduct is in violation of the Canons of Professional Ethics (CPE 11) in effect when the charged acts occurred. (*See* DR 9-102(3) and (4) for comparable provisions of the Code of Professional Responsibility, effective January 1, 1972.) In view of the extensive and personal nature of the notices given in these proceedings, Mr. Johnson's complete failure to respond can only be taken as a refusal to account for the money given to him in trust. "[R]efusal . . . to properly disburse or account for funds entrusted to the care of an attorney begets disbarment." *In re Hutchins*, 67 Wn.2d 144, 146, 406 P.2d 777 (1965); *In re Chantry*, 67 Wn.2d 190, 193, 407 P.2d 160 (1965); *In re Carroll*, 54 Wn.2d 633, 343 P.2d 1023 (1959).

It is ordered that Jerald R. Johnson be, and he hereby is, disbarred from the practice of law in the state of Washington, and his name is hereby stricken from the roll of attorneys entitled to practice law in this jurisdiction.