[No. C.D. 6039.    En Banc.    May 16, 1974.]

*In the Matter of the Disciplinary Proceeding Against*
EDWARD F. KIRCHEN, *an Attorney at Law.*

*Michael E. Jacobsen,* for Bar Association.

BRACHTENBACH, J.—Edward F. Kirchen was admitted to the practice of law in the state of Washington in 1967. These disciplinary proceedings against him were instituted by the state bar association. Although notified of the proceedings, Kirchen did not appear before the hearing panel and was not represented there. The panel's recommendation of disbarment was approved by the disciplinary board.

The evidence of Kirchen's misuse and misappropriation of trust funds alone warrants disbarment. In January 1972 he received $27,096.19 for disbursement pursuant to a court order. He has never disbursed nor accounted for those funds.

He induced a client to deliver to him the sum of $28,900 allegedly to put it beyond the reach of a potential judgment creditor. Only after repeated demands by the client over a 9-month period, coupled with a complaint to the prosecuting attorney, did respondent attorney return most of the funds. He contended that the balance was due him for costs and fees even though he had never billed the client.

He induced other clients to deed properties to him without consideration. In one instance he mortgaged the property, but never accounted to the client for the mortgage funds. He then deeded the property back to the client with assurances that there were no actions pending involving that property, despite the existence of a mortgage foreclosure action.

In two other cases he failed to make the contract payments due on property which clients had deeded to him, despite receipt of funds to make such payments.

There are other violations of the code which we need not set forth in view of the foregoing facts.

■ Kirchen's conduct is a clear violation of the Code of Professional Responsibility.

As we said in *In re Hutchins,* 67 Wn.2d 144, 146, 406 P.2d 777 (1965): "Embezzlement, conversion, refusal or inability to properly disburse or account for funds entrusted to the care of an attorney begets disbarment."

We adopt the recommendations of the disciplinary board and permanently disbar Edward F. Kirchen from the practice of law in the state of Washington. The Clerk is directed to strike his name from the roll of practicing attorneys.

We confirm the statement of costs claimed by the bar association pursuant to DRA 7.1, *et seq.*

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.