[No. C.D. 4530.    En Banc.    October 31, 1974.]

*In the Matter of the Disciplinary Proceeding Against*
ROBERT J. DESCHANE, *an Attorney at Law.*

[See Ann. 43 A.L.R. 54; 7 Am. Jur. 2d, Attorneys at Law § 35.]

*Michael E. Jacobsen,* for Bar Association.

BRACHTENBACH, J.—This disciplinary proceeding is against a Spokane attorney, Robert J. Deschane, admitted to practice in 1955. Following two hearings, the hearing panel recommended a 2-year suspension; one member dissented, however, recommending disbarment. The disciplinary board recommended the same 2-year suspension, with two members dissenting in favor of disbarment. We hold that disbarment is the appropriate penalty.

We have given serious consideration to the recommendation of the disciplinary board, but recognize that the final responsibility for determining the extent of discipline rests solely with this court. *In re Espedal,* 82 Wn.2d 834, 514 P.2d 518 (1973).

Respondent attorney's violations of his professional responsibilities include failure to maintain adequate records of his trust fund account and conversion of trust funds to his own use.

The seller in two real estate transactions was a client of respondent and, in this connection, respondent received and deposited in his trust account $1,844 from one buyer and

$7,588 from the other. The sum of $7,588 was tendered to respondent subject to the written condition that no money was to be disbursed until respondent's client, a contract purchaser, had title to the property. Even though the client never had clear title, respondent disbursed approximately $2,200 from these funds in violation of the express restriction upon their disbursement. Part of the unauthorized withdrawals was used for the other transaction which was entirely unrelated.

Quite apart from these unauthorized withdrawals, there came a point when the trust account should have had a balance of $6,792 but in fact contained only $3,330.96. Respondent then deposited $3,000 (mostly borrowed money) in his trust account, not because he knew there was a shortage, but allegedly because he had discovered that *2 years earlier* approximately $800 had been deposited in his office account when it should have gone into trust. In his own words, "Rather than do all the bookkeeping, I figured, all right, fine, if there is a mistake there, there could be a mistake somewhere else, so I put that [the $3,000] in there."

Before the first hearing, respondent attorney had been subpoenaed to produce his trust account records. He did not. He was then directed to deliver them to the bar association or to the chairman of the local administrative committee. He did not. He was directed, and agreed, to deliver within 10 days, all remaining funds to the attorney who was trying to close the transactions. A second hearing was held 30 days later. At that time, respondent still had not delivered the funds to his client's attorney; claimed he could find only a small portion of his trust account records; and failed even to produce those.

The hearing panel found that respondent had withdrawn approximately $1,400 in claimed attorney's fees without the knowledge or consent of his client. The client had never been billed for fees, and the total was substantially in excess of the estimated fee discussed with the client.

Substantial suspicion arises from respondent's claim that

half of the fee was for closing work, even though neither transaction was ever closed by respondent and the withdrawals for alleged fees were spread over a number of months in amounts of $20 and $30. No accounting was ever rendered to the client.

■ Since our disposition is so much more harsh than the recommendation by the disciplinary board, we wish to explain our reasons for the result. Even if the Code of Professional Responsibility did not exist, a lawyer, as a fiduciary, owes the highest duty to his clients as a matter of law. Lawyers routinely process funds through their trust accounts, aggregating very substantial amounts. Without hesitation, clients and other parties to transactions entrust these funds to lawyers, often without documentation. Confidence in the bar demands that lawyers preserve the integrity of entrusted funds and that lawyers promptly, accurately and fully account for such funds. Virtually all lawyers fulfill these responsibilities. But when these duties are violated it is the court's solemn responsibility to mete out discipline appropriate to the seriousness of the offense.

Respondent has demonstrated a lack of appreciation of these high duties and responsibilities in dealing with trust funds. He violated the conditions under which a third party deposited funds with him. He was unable or unwilling to render an accounting of those trust funds. He was unable or unwilling to respond to a subpoena of his trust fund records. He failed to deliver in a timely manner the remaining inadequate trust funds to the client's new lawyer —because he "forgot." And he never accounted to his client for these substantial trust funds. Collectively these acts and omissions comprise flagrant violations of the Code of Professional Responsibility and demonstrate an unfitness to practice law. (CPR) DR 9-102.[1]

Those few lawyers who mishandle trust funds, who fail

---

[1] (CPR) DR 9-102:

"(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more

to maintain complete records of trust funds and who fail to account and deliver funds as requested are reminded that disbarment is the usual result. *See In re Hall,* 73 Wn.2d 401, 438 P.2d 874 (1968); *In re Anderson,* 73 Wn.2d 587, 439 P.2d 981 (1968); *In re Soderquist,* 78 Wn.2d 227, 472 P.2d 395 (1970); *In re Garvin,* 78 Wn.2d 832, 479 P.2d 930 (1971); *In re Espedal, supra; In re Kirchen,* 83 Wn.2d 727, 522 P.2d 188 (1974).

We hereby disbar Robert J. Deschane from the practice of law in this state. The clerk is directed to strike his name from the roll of practicing attorneys.

We confirm the statement of costs claimed by the bar association pursuant to DRA 7.1, *et seq.*

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied December 16, 1974.

---

identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

"(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

"(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

"(B) A lawyer shall:

"(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

"(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

"(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."