[No. C.D. 8227.  En Banc.  April 8, 1982.]

*In the Matter of the Disciplinary Proceeding Against* JOSEPH T. MOYNIHAN, *an Attorney at Law.*

*Caroline D. Davis,* for Bar Association.

*Walsh, Margolis & Brousseau,* by *Robert L. Brousseau* and *Daniel L. Rader,* for respondent.

BRACHTENBACH, C.J.—The Bar Association filed a complaint against Joseph T. Moynihan, charging three counts of neglect of legal matters entrusted to him, one count of failure to cooperate in a disciplinary investigation and violation of rules governing trust accounts.

The hearing panel officer found neglect of one matter, failure to cooperate and misappropriation of trust funds. This conduct violates the Code of Professional Responsibility DR 6–101(A)(3), Discipline Rules for Attorneys 2.6 and CPR DR 9–102 respectively. The hearing panel officer recommended disbarment. The Disciplinary Board adopted the hearing panel officer's findings, conclusions and recommendation.

The findings of fact have not been objected to by respondent attorney. Those facts reveal that over an extended period of time, respondent appropriated trust funds for his personal use. There were repeated violations, *e.g.,* withdrawal of $1,250 on October 20, 1978, then $1,400 was taken in December 1978, by writing three checks on two occasions. There is no doubt of the intentional nature of respondent's acts. He deposited personal funds to cover his misappropriations, but subsequently took trust funds again.

Respondent urges that we impose discipline other than disbarment. The only mitigating factors suggested are lack of prior misconduct and no ultimate loss to clients.

These so–called mitigating factors are not sufficient to prevent disbarment. Once again we emphasize that the rules governing trust account funds mean what they say. Lawyers must preserve the integrity of entrusted funds. Their failure to do so leads to disbarment absent extraordinary mitigating circumstances. *In re Deschane,* 84 Wn.2d

514, 516, 527 P.2d 683 (1974).

Neglect of a legal matter and failure to cooperate justify discipline but the repeated misappropriation of trust funds fully justifies disbarment and we so hold. Costs of $349.98 are awarded.

Joseph T. Moynihan is hereby disbarred, and his name shall be stricken from the roll of attorneys in this state.

STAFFORD, UTTER, DOLLIVER, DORE, DIMMICK, and PEAR-SON, JJ., concur.

ROSELLINI, J. (dissenting)—The findings in this proceeding show that the respondent was admitted to the bar in 1973. In 1979, he was hired by Eileen Smith to foreclose a lien of judgment arising from her dissolution. The respondent did some initial research on the chain of title, obtained a title report for the property, and considered getting the opinion of a second attorney. He took no further action on this case. The findings do not reflect that the client suffered any loss as a result of this failure. The findings also show that two additional claims, which were without merit, were filed against the respondent, and that he failed to cooperate with the bar in the investigation of the negligence claims.

With regard to the misappropriation of clients' funds, the findings show that the respondent made a number of withdrawals of trust funds over a 2–year period totaling $5,000. He voluntarily returned these funds to the trust account with deposits in varying amounts over that 2–year period. The respondent cooperated with the bar association in the investigation of his mishandling of trust funds.

There can be no question but that these were very serious defalcations, reflecting discredit upon the bar. It does not follow, however, that the respondent must be disbarred in order to prevent reoccurrence, discourage similar conduct on the part of other lawyers and restore public confidence in the bar. *In re Salvesen,* 94 Wn.2d 73, 614 P.2d 1264 (1980); *In re Kumbera,* 91 Wn.2d 401, 588 P.2d 1167

(1979). In *Kumbera* we said that restitution, repentance and temporary personal disability are relevant in considering the proper discipline to be imposed. The findings here are silent as to the elements of repentance and temporary disability, but they do reflect voluntary restitution. They also show that no prior disciplinary actions had been taken against the respondent.

Disbarment is a devastating penalty and for the young lawyer who has not established a great number of friendships within the bar, reinstatement may be difficult, even though he has achieved complete rehabilitation in the interim. For this reason, I believe the court should exercise some hesitation in disbarring a lawyer where the findings do not show that clients have suffered any loss as a result of the lawyer's conduct. Suspension is also a very strong deterrent to future misconduct and is severe enough in a case such as this, I think, to restore public confidence in the profession. Certainly a 1– or 2–year suspension should have that effect.

I would so order.

WILLIAMS, J., concurs with ROSELLINI, J.