[No. C.D. 3853. En Banc. August 6, 1970.]

*In the Matter of the Disciplinary Proceeding Against* LESLIE M. YATES, *an Attorney at Law.**

*Jack P. Scholfield,* for Board of Governors.

*Richard D. Harris,* for respondent.

FINLEY, J.—Mr. Leslie M. Yates was admitted to the practice of law in this state on September 19, 1951, and since then has practiced principally in the Seattle, King County, area. He was reprimanded on December 9, 1966, by a letter from the state bar association for his failure to handle various legal matters with reasonable promptness and dispatch and the failure to be candid toward his clients. He was censured by a letter from the state bar association on August 25, 1967, based upon his failure to perform work undertaken for clients in two separate instances.

The present disciplinary proceeding is based upon inexcusable procrastination and neglect which resulted in unreasonable and inordinate delay in probating the estate of Edward J. Vitoch, who died on March 14, 1967. Probate of the estate was commenced by Mr. Yates on April 3, 1967.

*Reported in 473 P.2d 402.

In late December 1967, Mr. Jerome Vetosh, son of the decedent, wrote to Mr. Yates, complaining quite strongly about Mr. Yates' handling of and the delay in the probate proceedings. On January 9, 1968, a letter of complaint was sent to the bar association regarding the delay in the probate of the estate, occasioned by Mr. Yates' conduct. On or about February 5, 1968, Mr. Yates received a letter from Mr. Stephen Chadwick, Jr., a member of the King County Local Administrative Committee, advising that the complaint had been filed with the bar association by Jerome Vetosh. On March 23, 1968, Mrs. Doris Vetosh, mother of Jerome Vetosh and divorced wife of decedent, wrote a lengthy letter to Mr. Yates, complaining about the delay in the probate matter and urging that it be brought to a prompt conclusion. In response to Mr. Chadwick's urging, Mr. Yates gave assurance that he would proceed with the closing of the estate.

On March 10, 1969, Mr. Douglas Fryer, acting as state bar counsel, contacted Mr. Yates, urging him to get the estate closed within the next 30 days. Apparently Mr. Yates advised Mr. Fryer that he would make an effort to do so. On March 13, 1969, Mr. Fryer wrote to Mr. Yates, advising him of the detailed steps necessary to resolve the problem in the estate proceedings involving the title to certain real estate. On April 1, 1969, Mr. Fryer again wrote to Mr. Yates and advised that he had reviewed the King County Superior Court probate file and found that no action had been taken in the probate matter since their last conference. Mr. Yates was informed that the Board of Governors was granting a 30-day extension of time for him to close the estate. He was told that if the necessary action was not promptly completed an official complaint would be filed against him.

It is apparent that Mr. Yates acknowledged responsibility for serious procrastination and was unable to give any explanation for this. It was not until the date of the disciplinary proceeding in mid-July that he presented the final papers necessary to resolve a relatively minor problem

regarding the sale of certain real estate of the estate of Edward J. Vitoch.

The hearing panel recommended a suspension of 6 months. The Board of Governors reduced this, and recommended suspension for 45 days. It is the consensus of the court that the recommendation of the Board of Governors should be adopted.

There remains the matter of costs of the disciplinary proceeding. The bar association has submitted a bill for costs totaling $224.12. In accordance with DRA 7.1(c) and (d), those costs are assessed against Mr. Yates, and he shall not be reinstated until such time as the costs are paid in full.

It is so ordered.

HUNTER, C. J., ROSELLINI, HAMILTON, HALE, NEILL, and SHARP, JJ., and HILL, J. Pro Tem., concur.

DONWORTH, J. Pro Tem., concurs in the result.