In the Matter of the Disciplinary Proceeding Against
DONALD R. SMITH, an Attorney at Law.

Douglas C. Baldwin, for Bar Association.

Don R. Smith, pro se, and Edmund E. Lozier, for respondent.

HUNTER, J.—The respondent, Donald R. Smith, was admitted to the practice of law in the state of Washington on February 20, 1964. Since that date he has continuously resided in the state and, until April 18, 1974, has been an active member of the Washington State Bar Association.

Disciplinary proceedings are not unknown to the respondent. On September 8, 1971, a formal complaint was filed against Mr. Smith alleging the following three acts of unprofessional conduct:

(1) the settlement of a minor's suit for personal injuries, the commingling of the proceeds of such settlement with Mr. Smith's own funds, and the failure to promptly ac-

count for and pay to his client funds to which the client was entitled; (2) failure to promptly pursue, according to his agreement, remedial action on behalf of a client incarcerated in the state reformatory and to refund, as promised, a portion of the attorney's fee received upon behalf of the client's cause; and (3) unreasonable delay in perfecting an appeal in a matter which concerned issues vital to his client's livelihood, necessitating intervention of another attorney, and jeopardizing his client's cause on appeal.

*In re Smith*, 83 Wn.2d 659, 660, 521 P.2d 212 (1974). At that time, we adopted the recommendation of the majority of the Disciplinary Board and suspended Mr. Smith from the practice of law for a period of 120 days. *In re Smith, supra.*

While under the order of this court, a second hearing was held pursuant to additional complaints which had been filed against Mr. Smith. These complaints basically pertained to the issuance of numerous checks from a trust account containing both personal funds and those of clients, upon which payment failed due to insufficient funds. Secondly, Mr. Smith had written various checks from a private account which denoted him as being an attorney at law, and payment on these checks also failed due to insufficient funds. A hearing was held on June 18, 1974, resulting in a recommendation of an additional 30-day suspension, commencing upon the termination of this court's 120-day suspension.

On October 10, 1974, still another complaint was filed with the Washington State Bar Association. On October 15, 1974, Mr. Smith was personally served with a copy of the complaint, notice to answer, notice of deposition upon oral examination, and subpoena duces tecum. On October 30, 1974, Mr. Smith was personally served with a notice of hearing and given the names of the panel members, which included Mr. Thomas Keefe, Mr. Stanley Burkey and Mr. Vincent Gadbow. The hearing was set for December 16, 1974. However, on December 3, 1974, notice was mailed to Mr. Smith informing him that Mr. Phillip Tracy would be replacing Mr. Gadbow on the panel. At no time did the State Bar

Association receive an answer to its complaint, nor did Mr. Smith inform the Bar Association that he desired to challenge any member of the panel for cause.

On December 16, 1974, a hearing was held to consider the various items charged in the complaint, to wit: (1) failure to file suit on behalf of Earl and Betty Pring within the period allowed by the statute of limitations, resulting in the dismissal of their suit; (2) failure to complete a probate for the estate of Herbert Cassidy during a 4-year period causing the executrix to employ another attorney and ultimately causing a penalty to be imposed against the estate for failure to make timely payment of inheritance taxes due; (3) failure to probate the estate of Thelma Niquett and advising the executrix to endorse two checks issued to the decedent by the Department of Social and Health Services, resulting in a hearing.for which the respondent failed to appear; (4) the drawing on the accounts of one Edward W. Flannery and one David L. Butler, incompetents, for whom respondent had been appointed guardian, for the respondent's own personal use; and (5) the making of withdrawals on Butler's account pursuant to alleged court orders which were not on file in the clerk's office.

Upon the conclusion of the hearing the Disciplinary Board found that the above charges had been established and that they constituted *neglect* in violation of (CPR) DR 6-101(A)(3); *misconduct* in violation of (CPR) DR 1-102(A)(3), (4) and (6); and a *failure to preserve identity of funds* in violation of (CPR) DR 9-102(B)(3) and (4). It was the recommendation of the Disciplinary Board that Donald R. Smith be disbarred from the practice of law.

The respondent urges this court to remand this matter for a new hearing. In support of this contention, the respondent argues that he did not receive a fair hearing as witnessed by the facts that Chairman Keefe denied the respondent's challenge against Mr. Keefe and Mr. Burkey on the grounds that they were biased, having been members of the panel during the June 18, 1974, proceeding.

Secondly, the respondent argues that the chairman violated his rights by refusing to grant him a continuance, as requested at the initiation of the December 16 hearing. At that time the respondent stated that he was being prosecuted under criminal charges in regard to the complaint pertaining to the misuse of clients' funds, and therefore he refused to be present during the taking of evidence on those grounds since it would constitute a violation of his constitutional right against self-incrimination. The record discloses that the respondent did excuse himself when these items came before the panel, and he now asserts that his right to cross-examine was violated. We find the respondent's contentions to be without merit.

DRA 3.2(e) provides that a respondent may challenge the composition of the hearing panel by presenting a written statement setting forth his reasons, at least 10 days prior to the hearing. If Mr. Smith's challenge had been directed against Mr. Tracy, the substitute member of the panel, we could excuse his failure to comply with the above rule inasmuch as Mr. Smith contends he did not receive this notice until 7 days prior to the hearing. However, the actual challenge was not levied against Mr. Tracy, but was instead against Mr. Keefe and Mr. Burkey, both of whom were designated as members of the panel in the notice served upon the respondent on October 30, 1974. Therefore, we agree with the chairman that the challenge was not timely. Secondly, in regard to the respondent's contention that his right of cross-examination was violated, we point out that he could have denied the charges and, in fact, cross-examined those witnesses called by the State Bar Association without relinquishing his right against self-incrimination. The respondent's conduct clearly constituted a knowing waiver of his constitutional right of confrontation. *State v. Forza*, 70 Wn.2d 69, 422 P.2d 475 (1966). Therefore, the chairman did not err in denying the respondent's motion for a continuance.

The record placed before this court leaves no room for speculation as to the truthfulness of the charges

brought against the respondent. Therefore, the sole issue to be determined is whether the above described conduct warrants the permanent disbarment of Donald R. Smith from the practice of law in the state of Washington. While the ultimate measure of discipline rests with this court, we have consistently noted that serious consideration will be given to the recommendations of the Disciplinary Board. *In re Espedal*, 82 Wn.2d 834, 514 P.2d 518 (1973). Regardless of the ultimate punishment decided upon, our primary purpose "is to protect the public from misconduct of attorneys and to preserve public confidence in the judicial system." *In re Hawkins*, 81 Wn.2d 504, 507, 503 P.2d 95 (1972); *In re Steinberg*, 44 Wn.2d 707, 269 P.2d 970 (1954). In determining the punishment which will fulfill this purpose, we are guided by the following standards:

> (1) a punishment of the offender, which should be sufficient to prevent reoccurrence; (2) a penalty sufficient to deter other practitioners from engaging in such conduct; and (3) punishment sufficient to restore and maintain respect for the honor and dignity of the profession, and to assure those who seek the services of lawyers that the penalties for unprofessional conduct will be strictly enforced.

*In re Greenlee*, 82 Wn.2d 390, 393, 510 P.2d 1120 (1973). The seriousness of the charges brought against Mr. Smith cannot be minimized. The general public seeks legal counsel in the belief that they will be represented diligently and that their problems will be resolved in accordance with the law. By allowing a client's claim for recovery to be dismissed with prejudice for failure to file a complaint within the established statute of limitations, demonstrates a total disregard for the client's welfare. Furthermore, no charge strikes deeper into the heart of our profession than the proven allegation that an attorney has invaded his client's funds.

In our prior decision we refrained from disbarring Mr. Smith in the belief that he was "a basically trustworthy individual." *In re Smith, supra* at 664. The record in the

instant case compels us to now abandon this belief. The only punishment which will prevent reoccurrence, deter other practitioners from engaging in similar conduct, and will restore and maintain the integrity of the profession, is disbarment.

Therefore, we adopt the recommendations of the Disciplinary Board and permanently disbar Donald R. Smith from the practice of law in the state of Washington and, furthermore, direct the clerk of the court to strike his name from the roll of practicing attorneys.

STAFFORD, C.J., and FINLEY, ROSELLINI, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

Petition for rehearing denied October 27, 1975.