[No. C.D. 3349. En Banc. January 12, 1978.]

*In the Matter of the Disciplinary Proceeding
Against* JOHN F. ROBINSON, *an
Attorney at Law.*

*Jack J. Cullen,* for Bar Association.

ROSELLINI, J.—John F. Robinson was admitted to the practice of law by the Supreme Court of the State of Washington on March 16, 1949. Since that time he has practiced law in King County, Washington.

The records of the Washington State Bar Association show that the respondent was issued a reprimand and a censure on a second complaint for lack of communication and neglect of legal matters on January 12, 1968. A reprimand was given on February 12, 1972, for failure to return papers and files of his client after having been paid in full.

On March 10, 1977, a disciplinary hearing was conducted upon the bar's complaint that in 1969 the respondent, acting as attorney for the estates of Sylvester and Carrie Salley, had collected assets which he had failed and neglected to distribute to the heirs of the estates. The undistributed assets consisted of cash in the amount of approximately $8,000.

The respondent, while acknowledging that he had obtained possession of the funds, had refused to make his records available for inspection by the administrative committee to which the matter had been referred when the complaints were filed. He refused to testify at the hearing, claiming attorney–client and Fifth Amendment privileges.

After hearing the evidence, the hearing officer found that the respondent's conduct, in failing and neglecting to account for or disburse the funds in his possession, constituted violations of the Code of Professional Responsibility and subjected him to disciplinary action under DRA 1.1(i). He was found to be in violation of CPR DR 6–101, in that he neglected a legal matter entrusted to him; and of CPR DR 9–102, in that he failed to preserve the identity of funds of clients and to promptly pay to the clients, upon request, funds to which they were entitled.

The respondent was also found to be subject to discipline under DRA 1.1(j), in that his conduct constituted a willful violation of DRA 2.5, imposing upon an attorney who is a subject of disciplinary investigation the duty of cooperating with the local administrative committee as provided therein.

It was the recommendation of the hearing officer, concurred in by the disciplinary board, that the respondent be disbarred. He filed no objections to the findings, conclusions, and recommendations of the board, and has not filed a brief. He did, however, appear at the hearing before this court. The matter is before us on the record. *In re Kerr*, 86 Wn.2d 655, 548 P.2d 297 (1976). The uncontradicted testimony establishes the facts alleged in the complaint and found by the hearing officer. These facts, in turn, support the conclusions drawn by the hearing officer and concurred in by the disciplinary board.

We have consistently held that the failure of an attorney to use proper care in dealing with trust funds warrants disbarment. *In re Deschane*, 84 Wn.2d 514, 527 P.2d 683 (1974). Added to the apparent misappropriation of trust funds is the delay in attending to the estate for a

period of 8 years and the willful failure to cooperate in the investigation. In the absence of any showing of mitigating or extenuating circumstances, disbarment must be imposed as a matter of course.

Costs and expenses in the sum of $733.16 are hereby assessed against respondent attorney.

It is so ordered.

WRIGHT, C.J., and HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.