[No. C.D. 7692. En Banc. August 31, 1978.]

*In the Matter of the Disciplinary Proceeding Against* TOLMON GIBSON, JR., *an Attorney at Law.*

*Robert T. Farrell,* for Bar Association.

HOROWITZ, J.—This is a disciplinary action by the Washington State Bar Association against Tolmon Gibson, Jr. Respondent Gibson was accused of five separate violations of the Disciplinary Rules for Attorneys, including

misappropriation of client funds, gross neglect of clients' matters, and dishonest and fraudulent conduct in the course of representing a client. The hearing panel officer found respondent committed the alleged acts and recommended disbarment. The Disciplinary Board of the Bar Association adopted the findings, conclusions and recommendation of the hearing officer, and recommended to this court that respondent be disbarred. We agree with the Association that disbarment is required.

■ The findings of the hearing officer establish that respondent Gibson knowingly and intentionally, without authorization from his clients, appropriated to his own use more than $25,000 of his clients' funds which he was holding in trust for various matters. In a deposition given prior to the hearing in this proceeding, respondent claimed he had been authorized to take $21,000 of that sum in attorney fees. The client to whom the funds belonged claimed in a verified complaint, however, that he had given no such authorization. The hearing officer found no authorization was given, and respondent has not objected to that, or any other, finding. In the absence of such a challenge, this court will assume a finding adopted by the Disciplinary Board is adequately supported by the evidence. *In re Kerr,* 86 Wn.2d 655, 548 P.2d 297 (1976).

The officer also found respondent neglected two appeals so as to cause them to be dismissed for want of prosecution. One was a criminal appeal for which respondent received and retained $2,775. Respondent did not prosecute the appeal, but failed to inform his client of the true reason for its dismissal. Respondent also received and retained approximately $850 to prosecute an appeal in a civil action. Respondent took no action whatsoever after filing the notice of appeal, and that appeal was also dismissed.

The hearing officer further found that respondent fraudulently caused a key witness in a sex offense prosecution to seek dismissal of the charges against respondent's client. Respondent prepared a false court order purporting to show the accused was committed to a mental institution for

psychiatric care. He then showed the document to the witness, the mother of the victim, and urged her to seek dismissal of the charges on the grounds that treatment was preferable to punishment for the offense.

The hearing officer concluded respondent had committed acts involving moral turpitude, dishonesty and corruption, and was unfit to practice law, in violation of DRA 1.1 and the Code of Professional Responsibility. As noted above, these findings and conclusions were adopted by the Disciplinary Board.

Respondent Gibson, after answering the formal complaint and the Association's interrogatories prior to the hearing, made no further personal appearance in this proceeding. Three successive attorneys have attempted to represent respondent and have withdrawn. All service of pleadings and notice on respondent subsequent to the attorneys' withdrawal, although complying fully with DRA 3.1(f)(2) regarding service of such pleadings and notices, has been unsuccessful. Mail sent to the addresses on file with the Association has been returned with notations indicating respondent no longer receives mail at those addresses. No forwarding address was left. Respondent did not appear at the hearing and has had no further contact with the Association. He filed no brief with this court. In short, having been charged with serious violations of the discipline rules, respondent has abandoned any defense and disappeared.

Although we find each of the violations described above to be serious, in determining the appropriate sanction we need go no further than the findings of misappropriation of clients' funds. This court has taken the firm position that such conduct warrants disbarment. *In re Deschane*, 84 Wn.2d 514, 527 P.2d 683 (1973). In the absence of any showing of mitigating circumstances, disbarment is the sanction imposed as a matter of course. *In re Robinson*, 89 Wn.2d 519, 573 P.2d 784 (1978). No mitigating circumstances have been shown here. On the contrary, the uncontroverted evidence demonstrates a pattern

òf gross misconduct completely devoid of any mitigating or justifying factor. We therefore adopt the Board's recommendation for disbarment and assess all costs and expenses against respondent.

It is so ordered.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, and HICKS, JJ., concur.