[No. C.D. 2672.   En Banc.   November 6, 1980.]

*In the Matter of the Disciplinary Proceeding Against* NORMAN S. JOHNSON, *an Attorney at Law.*

*Leland G. Ripley,* for Bar Association.

*Norman S. Johnson,* pro se.

UTTER, C.J.—Norman S. Johnson, the respondent attorney, was admitted to practice in this state in 1940. He appears before this court upon a unanimous recommendation by the disciplinary board of the Washington State Bar Association that he be suspended from practice for 60 days because of his continued neglect of probate matters. We concur with this recommendation and order that respondent be suspended for 60 days.

Respondent's conduct as attorney for the estate of Jackson Haworth gave rise to this disciplinary action. Mr. Haworth died on January 23, 1974. He left the bulk of his estate—a car, a small amount of cash, and real property worth approximately $6,000—to one of his daughters, Betty (Haworth) Arzet. In August 1974, the executor conveyed the real property on a real estate contract calling for small monthly payments. The executor paid the debts of the estate, and an order of solvency was signed on January 7, 1975. No distribution of assets took place until August 6, 1977, when the respondent had the executor forward a $1,500 payment to Mrs. Arzet. Mrs. Arzet made numerous attempts to have respondent complete the probate, and in September 1978, she complained about the delay to the bar association. Respondent made several assurances to both Mrs. Arzet and the bar association that he would proceed

to close the estate. However, he did not forward the balance of the funds until March 28, 1979, and did not transfer the real estate contract to Mrs. Arzet until June 28, 1979.

The disciplinary board filed a formal complaint against respondent on October 4, 1979. Respondent argued that the delay in closing was justified by the lack of cash assets at the testator's death, and by the appearance of attorneys for another daughter, who received nothing under the will. Mr. Haworth had stated in his will that he had made no provision for this daughter because he had had no communication with her. In September 1974, attorneys for this daughter served on respondent a "Request for Special Notice of Proceedings in Probate." Respondent testified that Mrs. Arzet told him she would "let him know" whether she wished to share her legacy, and argued that he was awaiting her decision before distributing the assets.

The disciplinary board rejected respondent's arguments. It concluded that respondent had neglected a legal matter ((CPR) DR 6–101(A)(3)), and had failed to carry out a contract of employment. ((CPR) DR 7–101(A)(2).) In a separate count, the disciplinary board found that respondent had received a reprimand from the Board of Governors in December 1974 for neglect of three estates. The reprimand warned that any further such conduct could result in a complaint alleging unfitness to practice law. Finding that respondent's handling of the Haworth estate was a continuation of his earlier misconduct, the board concluded that respondent had also demonstrated unfitness to practice law. DRA 1.1(k).

Respondent argues that the board omitted material factual findings concerning the lack of cash assets and the appearance of attorneys for the other daughter, which explain the delay. We disagree. The lack of cash assets became irrelevant after the order of solvency was entered. The request for special notice simply required respondent to give notice of the steps in the probate to the other daughter. It did not affect the closing of the estate, and no will contest was ever filed. Mrs. Arzet denied telling

respondent she would "let him know" whether she wished to share her legacy, and she made repeated attempts to have the estate closed. Our review of the evidence establishes that the board's findings accurately describe the relevant events surrounding respondent's handling of the estate.

We also conclude that the findings support the board's conclusion that respondent violated the disciplinary rules. Respondent maintains that the complainant, Mrs. Arzet, was not his client, and that (CPR) DR 7–101—"Representing a Client Zealously"—is thus inapplicable. Respondent's argument is misplaced. Even assuming that only the executor was his client, respondent failed to carry out this contract by his lack of diligence, which was to Mrs. Arzet's detriment.

The board had before it evidence of an extended, unexplained delay in closing the estate. After the order of solvency was signed, respondent had only to disburse the remaining funds and transfer the real estate contract payments. Respondent delayed doing so for more than 4 years, despite promises to Mrs. Arzet that he would proceed to close. Even after the disciplinary board initiated an investigation and respondent assured the board he would close the estate, he failed to promptly do so. The prior reprimand concerned respondent's failure to conclude three probates in a timely manner, resulting in the payment of additional taxes in each case. Respondent's lack of diligence in handling the Haworth estate is clearly a continuation of this earlier misconduct.

The remaining question is what disciplinary sanction should be imposed. Prolonged delay and procrastination reflect poorly on the profession, *In re Vandercook,* 78 Wn.2d 301, 304, 474 P.2d 106 (1970), and may harm the interests of clients and others. A reprimand apparently was not sufficient to impress upon respondent the importance of diligently attending to his duties. In previous cases, we have found suspension to be an appropriate sanction when

an attorney exhibits inexcusable delay and procrastination in matters entrusted to his care. *See, e.g., In re Loomos,* 90 Wn.2d 98, 103, 579 P.2d 350 (1978); *In re Vandercook, supra.* The length of the suspension depends on the facts and circumstances of each case. *See In re Kumbera,* 91 Wn.2d 401, 404, 588 P.2d 1167 (1979). What we find critical in this case is that respondent became the attorney for the Haworth estate, which he subsequently neglected, less than 2 months after he received a reprimand warning him about future failure to promptly carry out his responsibilities. We agree with the recommendation of the disciplinary board that a 60–day suspension is appropriate. We order that respondent be suspended from practice for 60 days from the date of filing of this opinion.

ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS; and WILLIAMS, JJ., concur.