[No. C.D. 6596. En Banc. July 30, 1981.]

*In the Matter of the Disciplinary Proceeding Against* JEFFREY M. WITTEMAN, *an Attorney at Law.*

*Leland G. Ripley,* for Bar Association.

BRACHTENBACH, C.J.—This is an attorney disciplinary proceeding referred to this court upon a recommendation by the Disciplinary Board of the Washington State Bar Association that respondent attorney be suspended from the practice of law for a period of 30 days. Respondent, admitted to practice in 1969, practices in Vancouver.

A 2–count complaint was filed against respondent attorney. Count 1 alleged respondent's guilty plea to one count of failure to file a federal income tax return.

Count 2 alleged neglect of a legal matter, conduct involv-

ing deceit or dishonesty and intentional failure to carry out a contract of employment.

The hearing panel officer entered findings and conclusions that such violations had occurred. He recommended a suspension from the practice of law for a period of 30 days. The Disciplinary Board adopted the findings, conclusions and recommendations of the hearing panel officer. We concur with the action and recommendation of the Disciplinary Board.

Respondent has filed no objections to the findings, conclusions and recommendations of the Board. DRA 6.2. We have reviewed the record and exhibits; the findings and conclusions are fully supported.

Respondent's failure to file a federal income tax return is a direct violation of an attorney's oath to abide by the laws of the United States. Likewise, it is a clear violation of (CPR) DR 1–102(4), (5) and (6). These in turn are a breach of DRA 1.1(c) and (i).

The failure to file an income tax return usually leads to suspension from practice. If false and fraudulent returns are involved, disbarment has resulted. *In re Seijas,* 52 Wn.2d 1, 318 P.2d 961 (1957).

Indeed a 30–day suspension borders on inadequate discipline. *In re Case,* 59 Wn.2d 181, 367 P.2d 121 (1961), and *In re Carson,* 61 Wn.2d 304, 378 P.2d 450 (1963), resulted in 6–month suspensions. Because of several factors we adopt the 30–day recommendation. First, there is precedence for that period. *In re Caughlan,* 61 Wn.2d 557, 379 P.2d 189 (1963). Second, respondent filed his returns for the 2 years involved and paid all taxes before the criminal charges were filed. Third, respondent was fined $1,000 and sentenced to 6 months on work release. Fourth, we give serious consideration but not finality, to the recommendation of the Disciplinary Board. These elements are part of the guidelines for our ultimate determination. *In re Smith,* 83 Wn.2d 659, 663, 521 P.2d 212 (1974).

We must mention that we are appalled at respondent's statement at the hearing that he knew he was required to

938

file an income tax return, but did not know that failure to file was a crime.

Concerning count 2, the unchallenged findings show that respondent undertook representation of a client in a personal injury action for the client and his son. Over a period of almost 1 year the client's written request for information about the status of his case went unanswered.

Respondent did file a lawsuit for his clients. The defense attorney made a motion to compel answers to interrogatories after they had gone unanswered for more than 5 months. Respondent did not appear for argument of that motion. The defense attorney moved to dismiss and an order was entered dismissing the complaint without prejudice. Respondent never told his clients that the lawsuit had been dismissed.

Thereafter respondent commenced a second lawsuit against the same defendants but only on behalf of the son who had been a minor at the time of the accident. The statute of limitations had run on the other cause of action. More than a year later the defense attorney again filed a motion to compel answers to interrogatories. Respondent agreed to an order directing answers and imposing terms. Respondent failed to pay the terms; he and his client failed to appear for a deposition. Thereafter another attorney was substituted as plaintiff's attorney.

In summary, from a period of February 1976 until November 1979 respondent attorney in essence neglected the clients' interests to the extent that a statute of limitations had run on one cause of action and the other was resolved only after a substitution of attorneys.

The violations of DRA 1.1(c) and (i) are apparent. Adding to our distress over respondent's conduct is the fact that he had been censured in 1975 for failure to take action on behalf of a client and for deceiving a client as to the status of her case.

The Bar Association has filed no statement of costs and expenses as provided by DRA 7.1 and 7.2. Therefore we are unable to fix an amount as provided by DRA 7.2. We

assume the Association waives any claim and decline to fix an amount since we have no knowledge of the amounts involved.

Respondent is suspended from the practice of law for 30 days.

ROSELLINI, UTTER, DOLLIVER, and WILLIAMS, JJ., concur.

DIMMICK, J. (dissenting)—I respectfully disagree with the majority that the 30–day recommended suspension by the Disciplinary Board of the Washington State Bar Association be upheld. Even though the 30–day suspension for failure to file an income tax return "borders on inadequate discipline" (majority, at 937) what is the sanction imposed for neglecting the client's interest to the extent that a cause of action was lost through the running of the statute of limitations?

Respondent, for a second time, is before the bar for failure to take action on behalf of a client. As noted by the majority, he was censured for such failure in 1975. Now, again, he comes before the bar in a much more serious neglect of clients' affairs.

While I can understand the theory that the hearing panel officer is in a better position to enter findings and conclusions than is an appellate court, we do not have that problem here. Respondent has filed no objections to the findings, conclusions and recommendations. They are not in dispute. The Disciplinary Board adopted those findings as well as the 30–day suspension recommendation of the hearing panel officer. The issue this court has to determine is whether the sanction is appropriate. I maintain it is not. While our court must give serious consideration to the recommendations of the Disciplinary Board, the ultimate responsibility remains with this court. *In re Espedal,* 82 Wn.2d 834, 514 P.2d 518 (1973). Our purpose is to protect the public and preserve confidence in the legal profession and the judicial system. We aim to assure that those who seek legal services will be insulated from unprofessional

conduct. Our goal is also to avoid repetition of that conduct and deter other lawyers from similar misdeeds. *In re Livesey,* 85 Wn.2d 189, 532 P.2d 274 (1975); *In re Smith,* 83 Wn.2d 659, 521 P.2d 212 (1974).

This court, in recent years, has disbarred attorneys for commingling clients' funds, *In re Gibson,* 90 Wn.2d 440, 583 P.2d 633 (1978); *In re Deschane,* 84 Wn.2d 514, 527 P.2d 683 (1974), has imposed lengthy suspensions for neglect and procrastination, *In re Johnson,* 94 Wn.2d 659, 618 P.2d 1322 (1980) (60 days); *In re Yates,* 78 Wn.2d 243, 473 P.2d 402 (1970) (45 days), yet is satisfied with a 30-day suspension when a client's cause of action is lost. If we are to uphold the integrity of the profession, we must impose discipline that holds significant consequences. Disregarding the respondent's tax problems, the fact that this is his second offense for failure to take appropriate action on behalf of a client warrants a minimum suspension from the practice of law for a period of 90 days. Therefore, I dissent.

HICKS and DORE, JJ., concur with DIMMICK, J.

STAFFORD, J. (concurring in the dissent)—I concur with the dissent of Justice Dimmick. However, for the reasons stated therein, I would impose a suspension of not less than 180 days.