[No. C.D. 10665.   En Banc.   April 8, 1982.]

*In the Matter of the Disciplinary Proceeding
Against* JON W. ORTON, *an
Attorney at Law.*

*Robert T. Farrell* and *Robert D. Welden,* for Bar Association.

*Jon W. Orton,* pro se.

BRACHTENBACH, C.J.—This is an attorney discipline matter. Jon W. Orton, admitted to practice on November 10, 1977, maintains his office in Puyallup.

The hearing panel officer found that Orton violated the Code of Professional Responsibility DR 1–102(A)(4), DR 6–101(A)(3) and DR 7–101(A)(2). These provisions prohibit conduct involving fraud or misrepresentation, neglect of a

legal matter and failure to carry out contracts of employment respectively. The hearing panel officer recommended a 30–day suspension with costs to be paid prior to resumption of practice. The Disciplinary Board adopted those findings, conclusions and recommendation.

These charges arise from the following incident. In January 1980, respondent Orton accepted a retainer fee of $150 to represent a woman in a dissolution action against her husband who was serving in the military in another state. Respondent prepared a petition and the client signed it on January 16, 1980. In June 1980, Orton advised his client that due to her husband's military status a guardian ad litem would have to be appointed; he requested an additional payment of $100, which she paid promptly. In September 1980, Orton advised his client that a guardian ad litem had been appointed.

In March 1981, the client, after consulting another lawyer, learned that not only had no guardian ad litem been appointed, but the dissolution action had never been filed. The client discharged Orton who refunded $96. Orton retained $154. Since he had incurred no costs this entire amount was attributable to his services.

Orton did not file an answer to the bar's complaint, did not appear at the hearing and did not file a brief in this court. He did, however, appear at oral argument. He was questioned by the court, but his only explanation for his violations was that he had "taken on too much work." Orton argues that suspension is too harsh a sanction.

The unchallenged facts show that for a period of 14 months after he was retained, respondent did nothing on this matter except prepare a petition. The hearing panel officer concluded that Orton had neglected a legal matter and intentionally failed to carry out a contract of employment. We agree.

■■ We view delay, procrastination and neglect as a serious matter. This court has suspended attorneys for this conduct. *In re Johnson,* 94 Wn.2d 659, 618 P.2d 1322 (1980); *In re Loomos,* 90 Wn.2d 98, 579 P.2d 350 (1978); *In*

*re Vandercook,* 78 Wn.2d 301, 474 P.2d 106 (1970). Protection of the public and maintenance of respect for and confidence in the legal profession mandates our concerns. *In re Smith,* 83 Wn.2d 659, 521 P.2d 212 (1974).

We find particularly disturbing respondent's representation to his client that the dissolution action had been filed and that a guardian ad litem had been appointed. This was patently false. For 14 months the client justifiably believed that her dissolution action was proceeding when in fact it was not. Being overworked does not justify lying to a client.

There has been no challenge to this finding of misrepresentation; it was not a mere misunderstanding. Respondent's conduct falls squarely within the prohibition of CPR DR 1–102(A)(4).

Given the combination of the admitted violations, the recommended 30–day suspension is fully warranted. Respondent is suspended for 30 days. The suspension shall commence 14 days after the filing of this opinion. No exception was filed to the assessment by the Disciplinary Board of costs of $173.58. Consequently, pursuant to DRA 7.3 respondent shall not resume practice until costs have been paid.

ROSELLINI, UTTER, DOLLIVER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.

STAFFORD, J. (concurring)—I concur with the recitation of the facts and the law. I feel, however, that respondent's complete failure to represent his client as well as his patently false misrepresentation concerning the status of her case warrants a longer suspension. I would suspend him for no less than 60 days.