[No. C.D. 3226. En Banc. February 17, 1983.]

*In the Matter of the Disciplinary Proceeding
Against* DAVID L. JAMIESON, SR., *an
Attorney at Law.*

*Caroline D. Davis,* for Bar Association.

DIMMICK, J.—The Disciplinary Board of the Washington State Bar Association unanimously recommended that this court suspend David L. Jamieson, Sr., respondent attorney, from the practice of law for a period of 60 days because of his continued neglect of probate matters. We concur with this recommendation.

Respondent's conduct as attorney for the estate of Bertha Bedroski, who died on February 13, 1976, gave rise to this disciplinary action. Probate of the estate was commenced by respondent on February 20, 1976, with the filing of an order adjudicating solvency of the estate and direct-

ing administration without court intervention. An affidavit of publication of notice to creditors was filed March 11, 1976. A creditor's claim was filed on the same day. No other papers or documents have been filed in the estate since March 11, 1976.

The Department of Revenue for the State of Washington wrote respondent concerning the estate taxes six times: on October 18, 1976; December 21, 1976; February 16, 1977; November 17, 1977; June 16, 1978; and July 20, 1979. Each time he failed to respond.

A complaint was filed by the bar association in November 1981 alleging the above facts regarding the Bedroski estate. A month later the bar association amended its complaint to add an additional count that respondent did not cooperate with the bar with regard to an earlier and different complaint. Mr. Jamieson filed an answer wherein he admitted all the factual allegations but denied that his conduct violated the Code of Professional Responsibility or the Discipline Rules for Attorneys.

A hearing was held on January 27, 1982. Respondent appeared and testified. The inventory had not yet been filed or sent to the Department of Revenue. Additionally, respondent had not filed state inheritance tax or federal estate tax returns. Exhibits were admitted indicating that 1 year earlier respondent had been reprimanded for neglect of an estate and had received a letter of admonition with regard to another instance of neglect and failure to cooperate with the bar.

Testimony indicated that in 1976 respondent had prepared an inventory and appraisement for the Bedroski estate which he sent to the out-of-state personal representative. The representative believed that decedent had additional assets which had not been located at the time of her death. Respondent explained that he had set the probate "on the back burner" due to a breakdown in communications with the personal representative. He testified that in the last year he had twice attempted to telephone the representative but was unable to reach him. He did not write

any letters nor did he take any further action in the matter. Respondent further testified that as far as he was concerned the only thing left to do in the estate for the last 3 years was to determine the valuation of some shares of stock—a simple matter to determine in this estate. Respondent alluded to his bad health and his attempts to retire as reasons for his neglect; however, these points were primarily made with regard to the noncooperation count. He also testified that he had handled other legal and office matters during the same time. Respondent did not offer any other mitigating factors.

At the close of the hearing the bar association's counsel recommended that if respondent would voluntarily transfer to inactive status, a censure for his neglect and one for his noncooperation would be adequate. Counsel recommended, however, that if respondent did not transfer to inactive status, a 60–day suspension for the neglect count and a censure for noncooperation would be appropriate.

The hearing officer postponed making a decision for 1 week in order to review cases and/or additional comments concerning the appropriate sanction. Respondent did not pursue the course of transferring to inactive status.

The hearing officer entered his findings, conclusions and recommendations. He concluded that respondent had neglected a legal matter thus violating CPR DR 6–101-(A)(3), had failed to carry out a contract of employment thus violating CPR DR 7–101(A)(2), and had failed to provide a full and complete written explanation of a complaint to bar counsel thus violating DRA 1.1(j) and DRA 2.6(b). The hearing officer recommended that respondent be censured for his failure to cooperate and be suspended for 60 days for his neglect of the Bedroski probate. The Disciplinary Board unanimously adopted the findings, conclusions and recommendations. The Board entered an order providing that the letter of censure would be deemed accepted unless respondent filed a written refusal to accept it within 15 days. Respondent did not challenge the censure. Therefore, the only issue remaining is the proper disciplinary

sanction for respondent's neglecting legal matters entrusted to him.

The bar association filed a brief in this court but respondent failed to do so; accordingly, we did not hear oral arguments. DRA 6.5(b).

█ Hearing panel and Disciplinary Board recommendations are given serious consideration by this court. *In re Yamagiwa*, 97 Wn.2d 773, 781–82, 650 P.2d 203 (1982); *In re Krogh*, 85 Wn.2d 462, 536 P.2d 578 (1975). We agree that suspension is warranted by the facts of this case.

█ Prolonged delay and procrastination reflect poorly on the profession and may harm the interests of clients and others. *In re Johnson*, 94 Wn.2d 659, 662, 618 P.2d 1322 (1980); *In re Vandercook*, 78 Wn.2d 301, 304, 474 P.2d 106 (1970). We have consistently imposed suspension for varying periods of time when an attorney neglects a matter entrusted to him. *See, e.g., In re Johnson, supra* (60–day suspension—attorney had received a prior reprimand for neglecting legal matters); *In re Loomos*, 90 Wn.2d 98, 579 P.2d 350 (1978) (30–day suspension—first instance of neglecting a probate); *In re Yates*, 78 Wn.2d 243, 473 P.2d 402 (1970) (45–day suspension—attorney had received a reprimand and censure for neglect); *In re Talbot*, 78 Wn.2d 295, 474 P.2d 88 (1970) (30–day suspension—no evidence of prior discipline due to neglect); *In re Vandercook, supra* (30–day suspension—no evidence of prior discipline due to neglect). The length of the suspension depends on the facts and circumstance of each case. *See In re Kumbera*, 91 Wn.2d 401, 404, 588 P.2d 1167 (1979).

Respondent had received a prior reprimand for neglecting a probate which apparently was not sufficient to impress upon him the importance of diligently attending to his duties. This case is similar to our recent case of *In re Johnson, supra*, wherein we approved a 60–day suspension. Respondent herein has not offered any mitigating factors, nor did he appear or file a brief in this matter contesting the Disciplinary Board's recommendation of suspension.

We order that respondent be suspended from the prac-

tice of law for 60 days from the date of filing of this opinion. Costs of $262.90 are approved.

WILLIAMS, C.J., STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, DORE, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.