[No. C.D. 3913.     En Banc.     June 20, 1968.]

*In the Matter of the Disciplinary Proceeding Against* HAROLD V. JOHNSON, *an Attorney at Law.**

*T. M. Royce,* for Board of Governors.

HALE, J.—This case concerns disciplinary action arising both from a course of conduct and convictions of felony involving moral turpitude. Harold V. Johnson was admitted by this court to the practice of law on March 18, 1952. He engaged regularly thereafter in the practice of the profession in Spokane until his suspension October 27, 1966, at age 46.

The record shows that November 20, 1964, the Superior Court for Spokane County appointed Mr. Johnson guardian of the estate of Helen Wright Fox, an incompetent, and that he qualified by filing a surety company bond in the amount of $15,000. As guardian, there came into his hands $7,203.54 in cash and certain books valued at $50. From this sum, he spent $4,582.84 for the benefit of his ward and appropriated $2,602.03 in cash and the books to his own use.

Other items of misconduct, not showing moral turpitude,

*Reported in 442 P.2d 948.

but showing mismanagement of the guardian's affairs, include a failure to cash a social security check payable to the ward in the sum of $66, failure to protect the ward's piano by leaving it subject to uncertain claims for either sale or storage, and the filing of a list of checks purportedly in payment of the estate's debts, but a great number of which had neither been endorsed by the payees nor presented to the bank for payment. Mr. Johnson pleaded guilty to grand larceny, a charge resulting from his misappropriation of estate funds, and was sentenced by the superior court to not more than 15 years' imprisonment October 11, 1966.

Following Mr. Johnson's plea of guilty to grand larceny on September 8, 1966, and entry of judgment and sentence October 11, 1966, John N. Rupp, then president, and T. M. Royce, counsel of the Washington State Bar Association, filed with the Board of Governors a formal complaint, charging Mr. Johnson in two separate items of complaint. The first item described the conviction of grand larceny—a crime on its face involving moral turpitude, and the second item charged the wrongful appropriation to the attorney's own use of a client's moneys and also mismanagement of the estate's affairs. Respondent attorney answered, admitting both items of complaint and filed an affidavit and a medical report from a psychiatrist showing that he had been subject to alcoholism, heart trouble, nervous tension, and marital troubles.

The complaint came on for hearing before a hearing panel consisting of Erle W. Horswill of Seattle, chairman, and Leo N. Cashatt and Robert D. Dellwo of Spokane, members of the bar, the bar association and respondent attorney being represented by counsel. Findings of fact and conclusions of law were duly made and entered by the hearing panel recommending that Mr. Johnson's right to practice be rescinded. Despite findings which declared that prior to November 20, 1964, respondent had been a well-respected citizen and had been involved in no prior disciplinary proceedings, the board approved and adopted as its own the findings of fact, conclusions and recommendation

made by the hearing panel and recommended that the attorney be disbarred.

Although the record discloses ill health and alcoholism, it leaves no alternative to disbarment as to each item of the formal complaint. Discipline Rules for Attorneys III J makes "Violation of the Canons of Ethics of the profession adopted by the Supreme Court of the State of Washington" a ground for discipline. Canons of Professional Ethics 11 adopted and made effective by the Supreme Court January 2, 1951, which regulates the conduct of attorneys in dealing with property coming in trust into their hands or under their control, states:

> The lawyer should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence reposed in him by his client.
>
> Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him.

Thus, as to the second item of the formal complaint charging the attorney with willful misappropriation to his own use of more than $2,000 of his client's money coming into his hands and under his control as an attorney and fiduciary, the record shows a serious and aggravated breach of CPE 11.

As to the first item of formal complaint describing the attorney's conviction of the felony of grand larceny, this, too in several respects, charges breach of conduct which renders the attorney subject to discipline under DRA III A. The grand larceny proved here by judgment and sentence of the superior court, involving as it did a clear embezzlement malum in se and not arising from negligence, mistake or inadvertence, was a conviction of a crime involving moral turpitude and one showing dishonesty and corruption. The conviction thus showed both the commission "of any act involving moral turpitude, dishonesty, or corruption," and, additionally, "conviction thereof

in a criminal proceeding" in direct violation of DRA III A which declares:

> An attorney at law may be censured, reprimanded, suspended, or disbarred for any of the following causes, hereinafter sometimes referred to as violations of the rules of professional conduct:
>
> A. The commission of any act involving moral turpitude, dishonesty, or corruption, whether the same be committed in the course of his relations as an attorney, or otherwise, and whether the same constitutes a felony or misdemeanor or not: and if the act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding shall not be a condition precedent to disciplinary action. Upon such conviction, however, the judgment and sentence shall be conclusive evidence at the ensuing disciplinary hearing of the guilt of the respondent attorney of the crime described in the indictment or information, and of his violation of the statute upon which it is based. A disciplinary hearing as provided in Rule IX of these rules shall be had to determine, (1) whether moral turpitude was in fact an element of the crime committed by the respondent attorney and, (2) the disciplinary action recommended to result therefrom.

Counsel for the bar association, pursuant to DRA XII, has filed with the Board of Governors and this court a verified statement for costs claimed to have been incurred by the association in initiating and bringing the case here. All of the items enumerated therein seem reasonable as to amount and necessarily incurred in conducting the cause, the hearings, and in preparing the record for this court except the item of $10 referred to as a "statutory attorney fee." We find no authority for assessment of a statutory attorney fee and, accordingly, that $10 item will be stricken and disallowed. The remainder of the statement of costs claimed by the Washington State Bar Association is approved and will be allowed in the total sum of $271.11.

It is the order of this court that Harold V. Johnson be disbarred, and his name shall be stricken from the roll of attorneys of this court.

ALL CONCUR.