[No. C.D. 5124.   En Banc.   March 25, 1976.]

*In the Matter of the Disciplinary Proceeding Against* ROBERT S. EGGER, *an Attorney at Law.*

*Douglas C. Baldwin,* for Bar Association.

*Robert S. Egger,* pro se, and *Bill Lanning,* for respondent.

HUNTER, J.—Robert S. Egger was admitted by this court to the practice of law in the state of Washington on September 6, 1960. He was suspended from the practice of law on April 11, 1972, based on his conviction of two federal felonies. His conviction was upon a jury verdict entered on March 15, 1972, for violation of 18 U.S.C. § 371 (1970) (conspiracy to commit offense or to defraud United States), and 18 U.S.C. § 2113 (c) (1970) (bank robbery and incidental crimes). Specifically, respondent Egger was found

guilty of conspiracy to commit, and commission of, the crime of knowingly receiving and possessing monies taken away from a national bank with the intent to steal. Following affirmance of his conviction on appeal, respondent was incarcerated at McNeil Island Federal Penitentiary from January 29, 1973, to October 22, 1974. He is currently on parole.

On February 19, 1974, the Washington State Bar Association (petitioner) filed a formal complaint and convened a hearing panel. The panel concluded that respondent's conduct violated DRA 1.1(a), (c), (j), and (CPR)DR 1-102(A)(3).[1] The hearing panel also found that moral turpitude was an element of the crimes for which respondent was convicted and recommended that respondent be disbarred from the practice of law. Upon consideration of the results reached by the hearing panel, the Bar Association

---

[1]These specific sections state as follows:

"An attorney at law may be censured, reprimanded, suspended, or disbarred for any of the following causes, hereinafter sometimes referred to as violations of the rules of professional conduct:

"(a) The commission of any act involving moral turpitude, dishonesty, or corruption, whether the same be committed in the course of his relations as an attorney, or otherwise, and whether the same constitutes a felony or misdemeanor or not; and if the act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding shall not be a condition precedent to disciplinary action. Upon such conviction, however, the judgment and sentence shall be conclusive evidence, at the ensuing disciplinary hearing of the guilt of the respondent attorney of the crime described in the indictment or information, and of his violation of the statute upon which it is based. A disciplinary hearing as provided in Rule 3.2 of these rules shall be had to determine, (1) whether moral turpitude was in fact an element of the crime committed by the respondent attorney and, (2) the disciplinary action recommended to result therefrom.

". . .

"(c) Violation of his oath or duties as an attorney.

". . .

"(j) Violation of the Code of Professional Responsibility of the profession adopted by the Supreme Court of the State of Washington." DRA 1.1.

(CPR) DR 1-102 states:

"(A) A lawyer shall not:

". . .

"(3) Engage in illegal conduct involving moral turpitude."

disciplinary board approved and adopted the findings, conclusions, and recommendations of the panel.

■ There can be no doubt that the crimes for which respondent was convicted involve moral turpitude in spite of respondent's contrary contention that his actual conduct and mitigating circumstances did not in fact involve moral turpitude. *See In re Wallis,* 63 Wn.2d 833, 389 P.2d 421 (1964), citing *In re Dalton,* 60 Wn.2d 726, 375 P.2d 258 (1962) and *In re Timothy,* 58 Wn.2d 153, 361 P.2d 642 (1961); *In re Liliopoulos,* 175 Wash. 338, 339, 27 P.2d 691 (1933); *In re Comyns,* 132 Wash. 391, 394, 232 P. 269 (1925); *In re Hopkins,* 54 Wash. 569, 572, 103 P. 805 (1909).

■ The remaining question then, is whether disbarment of respondent, who has been convicted of a felony involving moral turpitude, is the proper disciplinary action in this case. Under our disciplinary rules even a felony conviction does not result in automatic disbarment; the court retains the discretionary power to determine if disbarment is the appropriate sanction in any particular situation. *See In re Krogh,* 85 Wn.2d 462, 475, 536 P.2d 578 (1975). As indicated in *In re Krogh, supra,* however, we have yet to apply a sanction less serious than disbarment in any case involving a felony conviction.

In the instant case, as heretofore stated, there can be no question that the respondent's felony convictions involved moral turpitude. Consequently, we do not feel disposed to deviate from previous cases, and therefore we adopt the disciplinary board's recommendation of disbarment.

It is ordered that Robert S. Egger be, and he hereby is, disbarred from the practice of law in the state of Washington. His name shall be stricken from the roll of attorneys.

STAFFORD, C.J., and ROSELLINI, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.