[No. C.D. 4879.   En Banc.   November 16, 1978.]

*In the Matter of the Disciplinary Proceeding
Against* JAMES L. PENCE, *an
Attorney at Law.*

*Leland G. Ripley,* for Bar Association.

WRIGHT, C.J.—This is a proceeding for the discipline of James L. Pence, an attorney at law. Respondent was admitted to the practice of law on September 9, 1958. On February 7, 1975, respondent was found guilty of making and publishing a false corporate report in violation of RCW 9.24.050, which reads:

Every director, officer or agent of any corporation or joint stock association, and every person engaged in organizing or promoting any enterprise, who shall knowingly make or publish or concur in making or publishing any written prospectus, report, exhibit or statement of its affairs or pecuniary condition, containing any material statement that is false or exaggerated, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars.

It will, thus, be seen from the penalty imposed the crime involved is a felony.

■ We have frequently held conviction of a felony generally begets disbarment. *In re Hopkins,* 54 Wash. 569, 103 P. 805 (1909); *In re Barnett,* 35 Wn.2d 191, 211 P.2d 714 (1949); *In re Anderson,* 73 Wn.2d 587, 439 P.2d 981 (1968); *In re Krogh,* 85 Wn.2d 462, 536 P.2d 578 (1975). In *In re Egger,* 86 Wn.2d 596, 598, 547 P.2d 864 (1976), we said: "we have yet to apply a sanction less serious than disbarment in any case involving a felony conviction."

This matter was duly set for hearing before the court sitting en banc to be heard on the 20th day of June 1978 at the hour of 1:30 p.m. At that time the Chief Justice called the name of respondent. Neither respondent, nor anyone in his behalf appeared, nor was any brief filed by or on behalf of respondent. Based upon the facts herein it is the determination of the court that respondent must be disbarred, and the Washington State Bar Association shall recover its costs and disbursements herein in the sum of $325 in addition to costs involved in the proceedings before this court.

ROSELLINI, HAMILTON, STAFFORD, HOROWITZ, DOLLIVER, and HICKS, JJ., and RYAN, J. Pro Tem., concur.

UTTER, J. (concurring)—I concur in the action of the court but cannot agree with the language of the opinion for

reasons set out in my dissent in *In re Krogh,* 85 Wn.2d 462, 489, 536 P.2d 578 (1975).