92 Wn.2d 349 (1979)
597 P.2d 113
In the Matter of the Disciplinary Proceeding Against H. VICTOR JOHNSON, an Attorney at Law.
No. C.D. 3913.
The Supreme Court of Washington, En Banc.
July 5, 1979.
Kurt M. Bulmer, for Bar Association.
Phyllis Schoedel, for respondent.
UTTER, C.J.
H. Victor Johnson seeks reinstatement of his right to practice law in the state of Washington. He was first admitted to the Washington bar in 1952 and was disbarred on June 20, 1968. In re Johnson, 74 Wn.2d 21, 442 P.2d 948 (1968). The circumstances are fully discussed there and related primarily to his conviction of grand larceny, a felony involving moral turpitude, arising out of his mishandling of a guardianship estate. Ill health and alcoholism were the primary factors contributing to Johnson's loss of judgment and consequent misconduct.
[1] The major consideration in reinstatement proceedings is whether the petitioner has affirmatively shown that he has overcome those weaknesses that produced his earlier misconduct. Recently, the Joint Committee on Professional Discipline of the Appellate Judges' Conference and the Standing Committee on Professional Discipline of the American Bar Association approved the final version of Standards for Lawyer Disciplinary and Disability Proceedings (February 1979). Paragraph 6.2, at page 32, sets forth a standard for readmission: "The lawyer ... should not be readmitted unless he can show by clear and convincing evidence: rehabilitation, fitness to practice, competence and compliance with all applicable discipline or disability orders and rules."
*351 This standard conforms generally to that which we have adopted in our own review of applications for reinstatement. We have enumerated eight criteria to be used in considering an application for readmission:
(a) the applicant's character, standing, and professional reputation in the community in which he resided and practiced prior to disbarment; (b) the ethical standards which he observed in the practice of law; (c) the nature and character of the charge for which he was disbarred; (d) the sufficiency of the punishment undergone in connection therewith, and the making or failure to make restitution where required; (e) his attitude, conduct, and reformation subsequent to disbarment; (f) the time that has elapsed since disbarment; (g) his current proficiency in the law; and (h) the sincerity, frankness, and truthfulness of the applicant in presenting and discussing the factors relating to his disbarment and reinstatement.
In re Eddleman, 77 Wn.2d 42, 44, 459 P.2d 387, 461 P.2d 9 (1969).
Mr. Johnson has affirmatively shown he has overcome the weaknesses that produced his earlier misconduct. He was a well respected member of the Spokane legal community for over 10 years before the acts of misconduct occurred. The sole disciplinary action brought against him was the one which terminated in his disbarment. He did not have a history of unethical or questionable professional conduct. Although the charge for which he was disbarred evidenced a serious ethical breach, he has been adequately punished. He served 2 1/2 years of a 15-year sentence and made full restitution to the guardianship estate.
At all times since the misconduct occurred, Mr. Johnson has been contrite about the injury he caused both to his ward and to the legal community generally. Although he made several attempts to conquer his alcohol problem, it was not until March 1974 that he successfully underwent treatment. His total abstinence from alcohol since that time is proof of the success of the treatment.
Eleven years have passed since disbarment  a sufficiently long period to reflect the gravity of Mr. Johnson's *352 misconduct and within which to judge the sincerity and completeness of his rehabilitation. He has at all times been sincere, frank, and truthful in presenting and discussing the factors relating to his disbarment and reinstatement. His current proficiency in the law will be tested by his sitting for the bar examination as required by DRA 8.7(a). His total rehabilitation has been shown and reinstatement will not be detrimental to either the integrity and standing of the bar, the administration of justice, or the public. He has proved himself to be once again worthy of the public trust placed in attorneys.
Alcoholism is not uncommon among members of any profession, and the legal community is no exception. The Washington State Bar Association Task Force on Alcoholism has spearheaded a drive to help local bar associations establish their own fitness committees to aid members in dealing with alcohol and drug-related problems. To date 10 such committees have been established across the state. We would hope any in need of assistance would contact these committees before problems as grave as those faced by petitioner occur.
The Board of Governors has recommended that Mr. Johnson be reinstated. Their recommendation is amply supported by the record of his rehabilitation, and the petition for reinstatement is granted.
ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., and HUNTER, J. Pro Tem., concur.