[No. C.D. 5124. En Banc. June 12, 1980.]

*In the Matter of the Disciplinary Proceeding Against ROBERT S. EGGER, an Attorney at Law.*

*Paul C. Gibbs* and *Williams, Lanza, Kastner & Gibbs,* for petitioner.

*Kurt M. Bulmer,* for Bar Association.

UTTER, C.J.—Robert S. Egger seeks reinstatement to his right to practice law in the state of Washington. He was admitted to the Washington bar in 1960 and was disbarred in March 1976, following conviction of two federal felonies involving possession of money stolen from a bank. *In re Egger,* 86 Wn.2d 596, 547 P.2d 864 (1976). After a hearing on his petition, the Board of Governors has unanimously recommended reinstatement.

The major consideration in reinstatement proceedings is "whether the petitioner has affirmatively shown that he has overcome those weaknesses that produced his earlier misconduct." *In re Johnson,* 92 Wn.2d 349, 350, 597 P.2d 113 (1979). We have specifically enumerated eight criteria to be used in assessing a petition for reinstatement:

(a) the applicant's character, standing, and professional reputation in the community in which he resided and practiced prior to disbarment; (b) the ethical standards which he observed in the practice of law; (c) the nature and character of the charge for which he was disbarred; (d) the sufficiency of the punishment undergone in connection therewith, and the making or failure to make restitution where required; (e) his attitude, conduct, and reformation subsequent to disbarment; (f) the time that has elapsed since disbarment; (g) his current proficiency in the law; and (h) the sincerity, frankness, and truthfulness of the applicant in presenting and discussing the factors relating to his disbarment and reinstatement.

*In re Eddleman* , 77 Wn.2d 42, 44, 459 P.2d 387, 461 P.2d 9 (1969). *In re Johnson, supra* at 351. Mr. Egger favorably meets these criteria and the Board's recommendation is amply supported by the record.

Prior to his conviction, Mr. Egger had been a well respected member of the legal profession for over 10 years. Over 50 attorneys have submitted letters praising his character, reputation, and ethical standards. The disciplinary complaint resulting in Mr. Egger's disbarment was the only disciplinary action which had been brought against him. While the offense for which he was disbarred was serious, he has served over 20 months in a federal prison, been suspended and then disbarred from the practice of law for in excess of 8 years. This has been sufficient punishment.

Since release from prison, Mr. Egger has been appointed by trial judges in several criminal cases to serve as an investigator, and in several cases has served without pay. He has also worked as a licensed real estate and mobile home salesperson, pursuits demanding high ethical standards. His conduct in these activities support his sincerity and ability to abide by his pledge not to engage in any further misconduct.

Nine years have passed since the transgression which led to discipline and 4 years have passed since Mr. Egger's disbarment. This passage of time is appropriate to the gravity of the offense and is sufficient to judge the sincerity and

completeness of his rehabilitation. At all times since the offense, Mr. Egger has demonstrated remorse about the dishonor he caused both to the legal profession and to himself. He truthfully and frankly testified about the events which led to his disbarment, and has shown a positive and constructive attitude toward his punishment.

We agree with the unanimous finding of the bar association that reinstatement of Mr. Egger will not be detrimental to the integrity and standing of the bar, the administration of justice, or to the public. DRA 8.6(a). He has demonstrated his reform and his fitness to practice law, and will prove his current proficiency by sitting for the bar examination. His petition for reinstatement is granted, and upon successful completion of the bar examination, he shall be readmitted to the practice of law in Washington.

ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.