[No. C.D. 4785. En Banc. February 25, 1988.]

*In the Matter of the Disciplinary Proceeding*
*Against* ROBERT L. BUTLER, *an*
*Attorney at Law.*

*Robert D. Welden,* for Bar Association.

*Richard M. Barney, Jr.,* for respondent lawyer.

DOLLIVER, J.—Robert L. Butler, an attorney disbarred in 1981, applies for reinstatement as an attorney in Washington. The Board of Governors of the Washington State Bar Association recommends reinstatement. We grant reinstatement subject to the applicant's passage of the bar examination. RLD 9.7(a).

Mr. Butler graduated from the University of Washington School of Law in December 1957. He took and passed the Washington bar examination in February 1958 and practiced law in the state of Washington from 1959 until he was disbarred in 1981.

The events surrounding Mr. Butler's misappropriation of client funds are unusual. In 1974, Mr. Butler was a sole practitioner and was living with his wife and four daughters in Edmonds, Washington, when his daughter Erin fell from a horse and sustained a serious head injury. She underwent surgery and required extensive rehabilitative care under a doctor's supervision. Although medical insurance paid part of Erin's medical expenses, apparently Mr. Butler was required to cover 30 percent of the rehabilitation expenses.

Mr. Butler's wife moved out of the family home in early 1976, leaving him with the care of the four daughters. In 1975, he was able to make regular payments to cover Erin's medical expenses but fell behind in the payments during 1976. The medical providers became dissatisfied with Mr. Butler's payment performance, and the supervising doctor advised he would discontinue treatment unless he received a substantial payment on the account. Mr. Butler was unable to borrow the necessary funds from a bank or friends. He took $10,000 that was being held in trust for a client, Carol Spore, to pay the medical bills.

In 1977, Erin required additional surgery and the doctor insisted upon payment in advance. Mr. Butler admits to having taken approximately $7,000 from client trust funds to pay for this surgery. Apparently, this money came from funds owed to Leonard Mannon and Robert Kromann. In 1978, Erin again required surgery, and Mr. Butler admits to having taken $3,300 from a client trust fund apparently owed to George W. Holm.

Mr. Butler was charged with theft in the first degree based upon the misappropriation of funds owed to Leonard Mannon, Robert Kromann, and George Holm. Mr. Butler entered a plea of guilty to the theft charge. His sentence was deferred for a period of 5 years with the conditions that he pay all court costs and make restitution of the funds taken, that he refrain from practicing law pending disbarment proceedings, and that he perform 400 hours of community service. Mr. Butler signed a stipulation for dis-

barment on September 1, 1981, and an order of disbarment was entered on October 14, 1981.

Mr. Butler completed the requirements of his deferred sentence by paying court costs of $76.30 and restitution of $10,726.68 and performing 400 hours of community service. The information against him was dismissed with prejudice.

Mr. Butler has not yet made restitution of the $10,000 owed to Carol Spore. He has been unable to locate Spore, but agrees that he has an obligation to continue to search for her and, if she is located, to repay the $10,000.

A public hearing regarding Mr. Butler's application for reinstatement was held before the Board of Governors of the Washington State Bar Association. The Board found Mr. Butler has met all requirements for reinstatement. As we stated in *In re Johnson,* 92 Wn.2d 349, 350, 597 P.2d 113 (1979): "The major consideration in reinstatement proceedings is whether the petitioner has affirmatively shown that he has overcome those weaknesses that produced his earlier misconduct." We also listed eight criteria to consider in determining whether to grant readmission to the bar:

> (a) the applicant's character, standing, and professional reputation in the community in which he resided and practiced prior to disbarment; (b) the ethical standards which he observed in the practice of law; (c) the nature and character of the charge for which he was disbarred; (d) the sufficiency of the punishment undergone in connection therewith, and the making or failure to make restitution where required; (e) his attitude, conduct, and reformation subsequent to disbarment; (f) the time that has elapsed since disbarment; (g) his current proficiency in the law; and (h) the sincerity, frankness, and truthfulness of the applicant in presenting and discussing the factors relating to his disbarment and reinstatement.

*In re Johnson,* at 351 (quoting *In re Eddleman,* 77 Wn.2d 42, 44, 459 P.2d 387, 461 P.2d 9 (1969)).

After having heard testimony at the hearing, the Board of Governors found Mr. Butler had demonstrated he meets each of these criteria.

FINDINGS OF FACT

1. Robert L. Butler has demonstrated that his character, standing, and professional reputation in the community in which he resided and practiced prior to disbarment, namely, Seattle, King County, Washington, was excellent.

2. Robert L. Butler has demonstrated that he maintained high ethical standards in his practice of law prior to his disbarment. Other than the disbarment, Mr. Butler had no disciplinary record as an attorney.

3. The Board recognizes the serious nature of the charges for which Mr. Butler was disbarred, but believes that his conduct since being suspended from the practice of law is sufficient to entitle him to reinstatement.

4. Mr. Butler has undergone sufficient punishment in connection with the matters which resulted in his disbarment, including almost six years' suspension from the practice of law, and a criminal conviction. He paid $10,726.68 restitution to the WSBA for Client's Security Fund gifts made in this case. His disbarment by stipulation involved no assessment of costs.

5. Mr. Butler's attitude, conduct and reformation subsequent to disbarment have been excellent.

6. There has been sufficient time since Mr. Butler's disbarment in October 1981, until the present time in which to demonstrate his entitlement to reinstatement.

7. Mr. Butler's proficiency in the law will be subject to verification through his taking of the Washington State bar examination.

8. Mr. Butler has been sincere, frank, and truthful in presenting and discussing the factors relating to his disbarment and reinstatement.

Order Recommending Reinstatement, at 1–2.

The record supports the Board's findings of fact and indicates Mr. Butler is an appropriate candidate for reinstatement. Several factors appear to make Mr. Butler particularly qualified for readmission to the bar.

 The circumstances leading up to Mr. Butler's misconduct are unusual. He appears to have violated his clients' trust because his minor child was in serious need of medical attention, and he did not believe he had any other means of providing for her needs. While this situation does

not excuse his misconduct, it does indicate the misconduct is not symptomatic of a general disregard for the oath of attorney. In addition, this court can be fairly certain a similar situation will not arise in the future to induce Mr. Butler to misbehave since he no longer has minor children to support. We also note Mr. Butler has been offered a job with a law firm in which he will be salaried and will not come into contact with client funds.

Mr. Butler appears to recognize the gravity of his misconduct and to feel sincere remorse for his actions. Throughout the investigation and restitution process he has been honest and cooperative. He voluntarily disclosed the theft of funds owed to Carol Spore, and he intends to repay those funds should she be located.

Finally, Mr. Butler has willingly repaid funds taken from clients, despite his severely limited financial resources.

Robert L. Butler is reinstated as a member of the Washington State Bar Association, subject to his passage of the bar examination. RLD 9.7(a).

PEARSON, C.J., UTTER, BRACHTENBACH, DORE, ANDERSEN, CALLOW, and DURHAM, JJ., and CUNNINGHAM, J. Pro Tem., concur.