[No. 1313.   En Banc.   May 4, 1989.]

*In the Matter of the Disciplinary Proceeding Against* THOMAS F. MCGRATH, JR., *an Attorney at Law.*

*Pinckney M. Rohrback* and *Keller Rohrback,* for petitioner.

*Robert D. Welden,* for Bar Association.

SMITH, J.—Thomas F. McGrath, Jr., an attorney disbarred in 1982, applies for readmission to the Washington State Bar Association. The Board of Governors of the bar association recommends reinstatement. We agree and grant reinstatement subject to the applicant's successful completion of the bar examination and payment of costs incident to these proceedings pursuant to Rule for Lawyer Discipline 9.7(a).

Thomas F. McGrath, Jr., graduated from Baylor University Law School in 1967 and was admitted to the Washington bar on March 6, 1970. He practiced law in the state of Washington until his suspension on December 10, 1980, arising out of a shooting occurring on February 12, 1980. He pleaded "guilty" to felony second degree assault in the King County Superior Court on October 14, 1980. He was disbarred on December 9, 1982. Factual details surrounding his disbarment are recited in *In re McGrath,* 98 Wn.2d 337, 655 P.2d 232 (1982). At the time of the shooting, Mr. McGrath frequently carried a handgun and consumed alcohol. These factors played a significant role in the assault which resulted in serious injury to his victim.

The Board of Governors of the Washington State Bar Association held a public hearing on Mr. McGrath's application for reinstatement.[1] On July 29, 1988, the Board issued its Order Recommending Reinstatement, containing the following findings of fact:

1. Thomas F. McGrath, Jr. has reasonably demonstrated that he possessed good character, standing and professional reputation in the community in which he practiced prior to disbarment, namely in Seattle, Washington.

2. Thomas F. McGrath, Jr. has demonstrated that he did maintain high ethical standards in his practice of law prior to his disbarment. Other than the disbarment, Mr. McGrath had no disciplinary sanctions imposed against him as an attorney.

3. Mr. McGrath was disbarred in connection with a felony conviction for an act involving moral turpitude as specifically held by the Supreme Court of Washington. While recognizing and weighing the serious nature and character of that offense, the Board believes that Mr. McGrath's conduct since being suspended and later disbarred from the practice of law is such as to support his reinstatement.

4. Mr. McGrath has undergone sufficient punishment in connection with the matters which resulted in his disbarment, including the passage of nearly seven and one-half years since he was suspended from the practice of law. He was convicted on a guilty plea of second degree assault, a Class B felony, and among other sanctions served ten (10) months in the King County Jail on work release. He has complied with all conditions imposed in connection with the Superior Court Order deferring sentencing, including making restitution to the victim of the assault for his medical and wage loss and making Court-ordered payments to the State Crime Victims Compensation Fund. He has also made substantial and direct monetary payments to the victim in settlement of his and his wife's personal exposure in the tort cases arising out

---

[1]No one appeared in opposition to Mr. McGrath's petition for reinstatement before the Board of Governors, nor in the hearing before this court. Indeed, his victim declined an invitation to appear before the Board of Governors.

of the assault. He and his family have experienced substantial personal dislocations and deprivations as a result of the conviction and disbarment.

5. Mr. McGrath's attitude, conduct and reformation subsequent to disbarment have been excellent, including specific efforts at controlling and eliminating alcohol problems which were involved in the underlying assault incident.

6. There has been sufficient time since Mr. McGrath's disbarment to demonstrate his entitlement to reinstatement.

7. Mr. McGrath's proficiency in the law will be subject to verification through his taking of the Washington State Bar Examination, passage of which would be a condition to his readmission under any Reinstatement Order which might be entered.

8. Mr. McGrath has been sincere, frank, and truthful in presenting and discussing the factors relating to his disbarment and potential reinstatement.

Order Recommending Reinstatement, at 1–4.

The Board concluded that:

Thomas F. McGrath, Jr.[,] Petitioner for Reinstatement, possesses the qualifications and meets the requirements as set forth in the Admission to Practice Rules for lawyer applicants, and his reinstatement will not be detrimental to the integrity and standing of the judicial system or to the administration of justice, or be contrary to the public interest.

Order, at 4.

Thus, the Board concluded that Thomas F. McGrath, Jr., met each of the eight criteria for assessing an applicant's present fitness for reinstatement which we announced in *In re Eddleman*, 77 Wn.2d 42, 44, 459 P.2d 387, 461 P.2d 9 (1969). The record supports the Board's findings of fact and its conclusion.

The decision of the Board was by an 8–to–2 majority, with one member abstaining. The dissent expressed certain reservations, including that Mr. McGrath may have a drinking problem and seems unwilling to recognize it. We cannot totally disregard that concern, although it will not affect our conclusion in this case.

The State of Washington has defined an "alcoholic" as a person who habitually lacks self–control as to the use of alcoholic beverages, or uses alcoholic beverages to the extent that the person's health is substantially impaired or endangered, or the person's social or economic functioning is substantially disrupted. RCW 70.96A.020(1). This definition is similar to that adopted by the federal courts. *See, e.g., Powell v. Texas*, 392 U.S. 514, 20 L. Ed. 2d 1254, 88 S. Ct. 2145 (1968); *Driver v. Hinnant*, 356 F.2d 761, 763 (4th Cir. 1966).[2]

There is insufficient information in the record upon which to conclude whether Mr. McGrath is an alcoholic. But there is sufficient information to at least suggest that he may have an "alcohol problem" requiring professional attention.

In 1976 the Washington State Bar Association became one of the first bar associations in the country to establish a committee on alcoholism providing peer counseling to alcohol–impaired attorneys. Since August 1987 the work of that committee has been assumed by the Lawyers' Assistance Program in helping lawyers explore, clarify and resolve their personal problems, including alcohol problems. The Lawyers' Assistance Program provides short–term counseling, assesses problems, and makes referrals to appropriate professionals, treatment facilities, and peer counselors. *See Lawyers' Assistance Program*, in Washington State Bar Ass'n, *Resources* 13 (Apr. 1988).

The record before us indicates that Mr. McGrath does not himself believe that he is an alcoholic or that he has a

---

[2]James E. Royce, Seattle University, an eminent authority on alcoholism, in his book states that there are nearly as many definitions of alcoholism as there are those who write or lecture on the subject. J. Royce, *Alcohol Problems and Alcoholism* 8 (1981). However, he adopts a "working definition" of alcoholism as "a chronic illness or disorder characterized by some loss of control over drinking, with habituation or addiction to the drug alcohol, or causing interference in any major life function: for example, health, job, family, friends or the law." J. Royce, at 10.

drinking problem. He believes he can still drink in moderation. Perhaps he may be correct that he does not have a drinking problem. However, for the sake of his personal and professional future, he should seek a professional evaluation of his possible alcoholism. His consumption of alcohol has already had a severe negative impact on his life. He committed a serious assault with a firearm; he was found "guilty" upon his plea to the felony charge of assault in the *second degree*; he was disbarred from the practice of law on December 9, 1982; he was initially placed on felony probation for 10 years and served 10 months in the King County Jail; and he has incurred legal costs and paid restitution to his victim in the amount of $236,584. The continuing consequences of his possibly erroneous self–diagnosis are great.

We strongly recommend that Mr. McGrath seek professional evaluation on the question whether he is an alcoholic. If the evaluation concludes that he is, then we suggest that he follow the treatment program recommended, including complete abstention from consumption of alcohol. It is commonly accepted that an alcoholic simply cannot consume alcohol.

Our contemporary society has long recognized that all alcoholics are not on Skid Road and that "nice people" who are educated, well dressed and apparently functioning in professions like law can be alcoholics. It is not a disgrace to be an alcoholic. It is a disgrace to be an alcoholic and fail to do something about it.

We do not lightly regard the seriousness of Mr. McGrath's offense and its contributing factors. Nor do we overlook the seriousness of the harm he has caused to his victim. However, in reinstatement proceedings we must apply the eight specific criteria we announced in *In re Eddleman, supra* at 44, which are paraphrased below:

1. The applicant's character, standing, and professional reputation in the community in which the applicant resided and practiced prior to disbarment;

2. The ethical standards which the applicant observed in the practice of law;

3. The nature and character of the charge for which the applicant was disbarred;

4. The sufficiency of the punishment undergone in connection therewith, and the making or failure to make restitution where required;

5. The applicant's attitude, conduct, and reformation subsequent to disbarment;

6. The time that has elapsed since disbarment;

7. The applicant's current proficiency in the law; and

8. The sincerity, frankness and truthfulness of the applicant in presenting and discussing the factors relating to the disbarment and reinstatement.

■ The major consideration is whether the disbarred attorney has affirmatively shown that the weaknesses which produced the earlier misconduct have been overcome. *In re Johnson*, 92 Wn.2d 349, 350, 597 P.2d 113 (1979). The Board of Governors after a hearing found that the required showing has been made by Thomas F. McGrath, Jr. We adopt the findings and recommendation of the Board.

Thomas F. McGrath, Jr., is reinstated as a member of the Washington State Bar Association, subject to his successful completion of the bar examination and payment of costs incident to these proceedings, as required by Rule for Lawyer Discipline 9.7(a).

CALLOW, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, and DURHAM, JJ., concur.

DOLLIVER, J., concurs in the result.